# City of Pittsburgh, Appellant, *v.* Ihrig.

*Public officers—Police magistrate — Accounts — Audit — Settlement—Surcharge—Defenses—Evidence—Fraud—Act of March 7, 1901, P. L. 20.*

1. In a proceeding against a police magistrate and his surety to recover a balance shown to be due on an account settled and filed by a city controller under the provisions of the Act of March 7, 1901, P. L. 20, where it appears that on several prior occasions during defendant officer's term audits of the defendant's books had been made by the controller, although irregular and informal, such prior examinations constituted valid audits and settlements of the accounts and were conclusive upon the parties if not fraudulently procured.

2. Only where the reports of audits are regularly made and filed by the proper officials as the law directs, have they the conclusiveness of judgments, not subject to collateral attack by the parties thereto even for fraud.

3. As fraud may be established by the evidence of a single witness, it was error to charge the jury, in such case, that fraud must be proven by the testimony of two witnesses, or by that of one witness, with corroborating circumstances, and the judgment for defendants was reversed.

Argued Oct. 20, 1916.   Appeal, No. 174, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 2473, on verdict for defendants in case of City of Pittsburgh v. Henry Ihrig, Police Magistrate, and National Surety Company, Surety.   Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Scire facias sur settlement of account of Henry Ihrig, police magistrate, by E. S. Morrow, city controller.  Before SWEARINGEN, J.

The opinion of the Supreme Court states the case.

The court below charged the jury in part as follows:

"You will bear in mind that fraud is never presumed. The burden rests upon him who alleges fraud was committed, and that burden can only be discharged by proof that is clear, precise and indubitable, and can only be established by the testimony of one witness and another witness, or the testimony of a witness and such corroborating circumstances as are equivalent to another witness.   So that you see the burden upon the City of Pittsburgh is what I have indicated.   It is averred that there was fraud committed on the part of Mr. Ihrig in the obtaining of these audits prior to the last one, and that therefore the city is not bound thereby.   As I said to you before, fraud is never presumed; it must be proven.   The city must prove to your satisfaction by testimony which is clear, precise and indubitable and by two witnesses, or by one witness and corroborating circumstances equivalent to another, that he did that thing. If the city has proved that, then you can investigate these other matters.   If it has not proved that, then you go no further and will return a verdict for the defendants.   (3)

The defendant presented, among others, a point for charge, which, with the answer thereto, was as follows: "Third. Fraud must be proven by the evidence of two

witnesses, or by that of one witness with corroborating circumstances equal to another.

"This is affirmed. I have said the same thing to you in the general charge.

"Exception allowed and bill sealed." (15)

Verdict for defendants and judgment thereon. Plaintiff appealed.

*Errors assigned* were (3) charge of the court, and (15) in affirming defendant's third point.

*B. J. Jarrett,* with him *Charles A. O'Brien,* for appellant.

*George H. Calvert, Donald Thompson* and *Arthur G. Miller,* for appellees.

OPINION BY MR. JUSTICE WALLING, February 12, 1917:

On April 4, 1909, the defendant, Henry Ihrig, was duly appointed police magistrate of the City of Pittsburgh, and the National Surety Company, his codefendant, became surety on his bond as such magistrate. He was removed from said office July 5, 1912. During the official term he received a large number of fines, on account of which he turned over sums of money from time to time to the city treasurer. As magistrate he kept dockets wherein should have been entered in each case the name of the offender, the nature of the charge and the amount of fine imposed and collected, etc. The question here involved is quite largely as to the correctness of said dockets.

It was the duty of the city controller to duly audit, examine and settle the accounts of police magistrates. Section 7 of Article VIII of the Act of March 7, 1901, P. L. 20 (28), entitled "An Act for the Government of Cities of the Second Class," provides, inter alia:

"The controller shall, at the end of each fiscal year, or oftener if so required by councils, and also upon the

death, resignation, removal or expiration of the term of. any officer, audit, examine and settle the accounts of such officer; and if he shall be found indebted to the city, the controller shall state an account and file the same in the court of common pleas of the proper county, together with a copy of the official bond of such officer, and give notice thereof to him or his legal representatives, and if any person or persons affected thereby shall be dissatisfied with such settlement he or they may appeal therefrom."

According to the evidence, the city auditor acting for the controller did on five occasions during such magistrate's term of office examine and compare his dockets with the amounts of money turned over by him to the city treasurer, as shown in the magistrate's sworn statements, and found no discrepancies therein. However, the auditor took no testimony and so far as appears made no written statement or report of such examinations, which seem to have been made at irregular intervals whenever the magistrate had a docket completed. According to said dockets and sworn statements, Mr. Ihrig received as fines and paid over to the city treasurer in all the sum of $1,740.75. But after his removal the city controller audited, examined and settled the accounts of the magistrate for his entire official term, and stated an account showing that he had received as fines the sum of $6,694.00, and that he had turned over to the city treasurer the sum of $1,740.75, leaving a balance due the city of $4,953.25; which account was duly filed in the Court of Common Pleas of Allegheny County, and from which defendants appealed to said court.

Mr. Ihrig officiated at the Woods Run police station, and was assisted by two police sergeants, who kept written accounts of the fines imposed and collected by the magistrate, which are referred to as the inspectors' accounts.

It was largely upon their evidence that the controller audited and settled the accounts as above stated, al-

though Mr. Ihrig appeared and testified before the controller. There was also another account of said transaction brought before the controller, called "the captains' account."

On the account so settled and filed by the controller, plaintiff issued a writ of scire facias, to which affidavits of defense were filed, etc., and thereupon the case went to trial in the court below. The defense was in effect that at the hearings the magistrate made pencil memoranda of the disposition of the cases; and later, before entering the same in his docket, modified the sentences imposed in numerous cases by remitting in whole or in part the fines imposed. And that in all such cases the amounts so remitted were returned to the offenders, and only the net amounts retained by the magistrate appeared upon his dockets; which it is urged accounts for the striking differences appearing between his dockets and those of the inspectors: the latter being made up from the sentences as originally imposed. This defense was supported largely by the testimony of Mr. Ihrig, who was emphatic in the assertion that he never diverted any of the city's funds to his own use. The evidence for the defense also tended to show a general custom then existing among police magistrates of that city to so modify sentences; but under such practice the changes appeared on the dockets of the magistrates and were made while the cases were still pending before them.

The trial judge instructed the jury, inter alia, that said prior examinations, etc., of the magistrate's accounts constituted valid audits and settlements thereof, unless fraudulently procured; and further that such fraud must be established by the evidence of two witnesses, or by that of one witness and corroborating circumstances equivalent to that of another witness. As to this the learned judge fell into error; for while fraud must be established by clear and satisfactory evidence it may be so established by the evidence of a single witness.

"True, where fraud is set up as a defense in an action of this character, the evidence to establish the fraud must be clear, explicit and indubitable; but whether it reaches this degree or not is a question for the jury. The testimony of a single witness, even though contradicted by others, may carry conviction to the minds of the jury, and, when this occurs, the law approves and sustains": Sulkin v. Gilbert, 218 Pa. 255, 260. See also Gordon v. Great Atlantic & Pacific Tea Co., 243 Pa. 330.

The question of fraud was clearly raised by the evidence, and in our opinion the instructions as above stated with reference to the proof necessary to its establishment constitute prejudicial error.

The controller had jurisdiction to audit the accounts of police magistrates, and while the prior adjudications made by the auditor for the controller were irregular and informal, yet, if not fraudulently procured, would, as held by the court below, be conclusive upon the parties. They are somewhat like accounts stated; but we cannot adopt defendant's contention that such adjudications have all the conclusiveness of judgments and are not subject to collateral attack by the parties thereto, even for fraud. That is the rule as to the reports of audits when regularly made and filed by the proper officials as the law directs. But those five so-called audits were not annual settlements as the statute provides, and so far as appears were never filed so as to take rank as judgments or final adjudications. And when the trial judge held that such settlements were valid unless procured by fraud, he gave them all the effect to which they were entitled.

As defendants have appealed from the final audit of the controller, if the jury find that the prior settlements were procured by fraud, then the whole case is open and should be determined upon its merits. The court below seems to have correctly tried the case in all respects except as to the matter of the amount of evidence necessary to establish fraud.

The third and fifteenth assignments of error are sustained and thereon the judgment is reversed and a venire facias de novo awarded.