St. Joe Zinc, Petitioner *v.* Workmen's Compensation Appeal Board (Ambrose), Respondents.

Submitted on briefs September 10, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

260

*Bruce E. Woodske, Reed, Luce, Good, Tosh & McGregor,* for petitioner.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for respondent, Clarence Ambrose.

Opinion by Judge Rogers, October 16, 1985:

St. Joe Zinc, the former employer of Clarence Ambrose, has filed a petition for review of an order of the Workmen's Compensation Appeal Board affirming a decision of a referee awarding compensation for total disability to Mr. Ambrose during the period July 3, 1980 through January 26, 1981.

The claimant suffered a back injury in the course of his employment on August 28, 1979. After proceedings not necessary here to describe, compensation was suspended effective September 17, 1979, when the claimant went back to work with no loss of earnings although with a residual disability of his injured back. On December 20, 1979, the appellant's plant was shut down and the claimant became unemployed. He then embarked upon a search for employment which proved unavailing.

On July 3, 1980 the claimant experienced severe and disabling low back pain and consulted his treating physician, a Dr. Helsing, who in a deposition taken

September 19, 1980, testified that he saw the claimant at a hospital emergency room on July 3, 1980, and that the claimant was then totally disabled with acute back sprain and muscle spasm. In response to a question by the employer's counsel, Dr. Helsing gave his opinion that the claimant's disability could persist for from two days to two months after July 3, 1980. On July 14, 1980 the claimant was examined by a Dr. Minde who testified that the claimant was then totally disabled.

The claimant testified that after his original injury he had continuous, but not always acute, low back pains, interrupted at intervals by flare-ups during which he would be immobilized. He testified that he returned to base level back pain in about eight to ten days after July 3, 1980.

The referee as we have noted awarded compensation for total disability from July 3, 1980 through January 26, 1981, the latter being the day before the claimant returned to work for another employer without loss of earnings. The referee suspended compensation effective January 27, 1981.

The employer contends that the referee's decision to extend payments until January 26, 1981 is not supported by the evidence, noting that the claimant testified to the effect that his back returned to its base level eight to ten days after the July 3, 1980 flare-up. It is argued on behalf of the claimant on the other hand that Dr. Minde testified that he examined the claimant on July 14, 1980, eleven days after the July 3 flare-up, and found him to be still totally disabled and that Dr. Helsing's testimony which the employer produced was to the effect that the intervals of disability as the result of flare-ups might last from two days to two months. The claimant also points to undisputed evidence in the record to the effect that in

any case he is unable to perform the duties of his former work as a millwright because he can no longer do heavy lifting, climbing, continuous walking, sitting or standing and the other strenuous activities related to that employment. The employer did not adduce evidence that there was work available which the claimant could do between July 3, 1980 through January 26, 1981.

Our review is to determine whether constitutional rights were violated, an error of law committed or necessary findings are supported by substantial evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Questions of credibility are of course for the referee who may accept one witness' testimony over that of another and part but not all of the testimony of a single witness. The evidence that Dr. Minde found the claimant to be disabled on July 14, 1980, Dr. Helsing's opinion that the claimant's periods of total disability could last as long as two months, the descriptions of the claimant's physical limitations, the claimant's vain search for employment before the July 3, 1980 incident, and the absence of evidence of the availability of other work sufficiently support the referee's award of compensation for total disability until the claimant's return to work on January 27, 1981.

ORDER

AND Now, this 16th day of October, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.