Archie Lee CARTER

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 1997.

Decided Sept. 23, 1997.

Timothy P. Wile, Assistant Counsel In–Charge, Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

Patricia S. Coates, Philadelphia, for appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDot) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the appeal of motorist Archie Lee Carter (Carter) from a three-month suspension of his operating privileges.

On October 21, 1993, Carter received a traffic citation for the summary offense of operating an uninsured vehicle in violation of

75 Pa.C.S. § 1786(f).[1] Almost three years later, on September 17, 1996, he was convicted for violating that section of the Vehicle Code.[2] On November 6, 1996, PennDot sent Carter an official notice indicating that as a result of his conviction, his driving privileges were being suspended for three months pursuant to 75 Pa.C.S. § 1786(d),[3] effective December 11, 1996. Carter appealed the suspension to the trial court.

At the hearing before the trial court, PennDot offered into evidence certified documents of Carter's September 17, 1996 conviction. Carter did not deny that he had been convicted for driving without insurance, but contended that under 42 Pa.C.S. 5524(5),[4] the two-year statute of limitations had run and PennDot was barred from suspending his operating privilege. PennDot responded by arguing that the two-year statute of limitations did not apply to the suspension of operating privileges and, even if it did, it did not learn of Carter's violation and conviction until the date of the conviction in 1996 and that is when the statute began to run.

■ The trial court sustained Carter's appeal, holding that 42 Pa.C.S. § 5524(5) applied to license suspensions based on failure to obtain insurance because a criminal conviction is not necessary for a suspension to be issued for lack of insurance. The statute of limitations is triggered when PennDot knew or should have known of the underlying violation. Because it imputed to PennDot knowledge of the citation on the date it was issued, October 21, 1993, the trial court found that the two-year statute of limitations began to run on that date and had already expired on November 6, 1996, when PennDot notified Carter that his operating privilege was being suspended.[5] PennDot then filed the instant appeal.[6]

The only issue before this court is whether 42 Pa.C.S. § 5524(5)'s two-year limitation applies to administrative agency proceedings. 42 Pa.C.S. § 5501(a) sets forth the scope of Chapter 55 of the Judicial Code as follows:

§ 5501. Scope of Chapter

(a) General rule.—An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless, in the case of a civil action or proceeding, a different time is provided by this title or another statute or a shorter time which is not manifestly unreasonable is prescribed by written agreement.

■ Under 42 Pa.C.S. § 102, an "action" is defined as "any action at law or in equity";

---

1. That section provides the following:
   **Operation of a motor vehicle without required financial responsibility.** Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a *summary offense* and shall, upon conviction, be sentenced to pay a fine of $300. (Emphasis added.)

2. While a delay that is attributable to the judicial system and not to PennDot cannot serve as a basis for invalidating a license revocation, *Fordham v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 663 A.2d 868 (Pa.Cmwlth.1995), there is no explanation in the record as to why so much time passed before a hearing was held at which time Carter was convicted. We also note that 42 Pa.C.S. § 5553(e) disallows any action to be taken for a summary offense under the Vehicle Code, even when a citation has been filed when two years have passed since the commission of the offense.

3. That section provides that PennDot shall suspend the registration of a vehicle for a period of three months if it determines that the required financial responsibility was not secured as required by this chapter, and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

4. That section provides that an action upon a statute for a civil penalty or forfeiture must be commenced within two years.

5. The record does not contain any evidence that PennDot was aware of the 1993 citation at the time it was issued to Carter.

6. Our scope of review of the trial court's decision is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or an abuse of discretion. *Commonwealth, Department of Transportation v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996).

"proceeding" is defined to include "every declaration, petition or other application which may be made *to a court...*", and "appeal" is defined as "any petition or other application *to a court...*" (Emphasis added.) Based on these definitions, we agree with PennDot that the statute of limitations set forth in 42 Pa.C.S. § 5524 is intended only to apply to proceedings commenced in courts and not to administrative agency proceedings.

Because the statute of limitations does not apply and that was the only defense raised to the suspension, we reverse the decision of the trial court.

### ORDER

AND NOW, this 23rd day of September, 1997, the order of the Court of Common Pleas of Philadelphia County dated January 13, 1997, is reversed.

KELLEY, Judge, dissenting.

I respectfully dissent.

As pointed out by the trial court, the underlying violation of section 1786 of the Vehicle Code, 75 Pa.C.S. § 1786, does not require a criminal conviction in order for DOT to suspend the operating privilege of the owner for operating or permitting the operation of a vehicle without the required financial responsibility. The plain language of section 1786 states that DOT may suspend the operating privilege of the owner when DOT determines that such a violation has occurred.

Herein, Carter was issued a citation on October 21, 1993. The trial court found that DOT knew the citation was issued on October 21, 1993, the date of the offense. This is when DOT knew or should have known of the violation. DOT argues before this court that it must take action under section 1786 within a reasonable period of time when DOT determines that a violation has been committed. Therefore, notwithstanding that the majority has determined that the two-year statute of limitations is inapplicable to administrative agencies, DOT clearly did not act within a reasonable period of time in suspending Carter's operating privilege three years after the violation.

Accordingly, I would affirm the trial court's order granting Carter's appeal.