**Jason M. MATESKOVICH**

*v.*

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 10, 2000.

Decided June 29, 2000.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Michael J. Menner, Canonsburg, for appellee.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

PELLEGRINI,[1] Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of Jason Mateskovich (Licensee) from a six-month suspension of his operating privilege imposed by the Bureau pursuant to Section 1338.1(a) of the Public School Code of 1949 (Code).[2]

On February 27, 1998, Licensee was charged with a violation of Section 1333 of the Code, 24 P.S. § 13–1333, relating to compulsory attendance. Licensee was convicted of that offense on May 18, 1998, and the conviction was certified to the Department which suspended Licensee's operating privilege for a period of 90 days pursuant to Section 1338.1 of the Code.[3] On November 13, 1998, Licensee was again charged with violating Section 1333 of the Code and a hearing was held before another district justice. The district justice then certified to the Department that Licensee had been convicted on April 21, 1999. By notice dated May 11, 1999, the Department notified Licensee that his operating privilege was being suspended for six months pursuant to Section 13–1338.1 of the Code. Licensee then filed an appeal with the trial court.

■ At a *de novo* hearing on Licensee's statutory appeal, the Department offered into evidence a packet of documents, duly certified under seal, which included certified copies of the district justices' certifications of Licensee's May 18, 1998 and April 21, 1999 convictions. Licensee challenged the accuracy of the record, testifying that the hearing on his November 13, 1998 citation was held on February 9, 1999, and that at that hearing, the district justice did not find him guilty on the second citation.[4] Finding that Licensee's testimony was credible and that it constituted clear and convincing evidence that the second conviction did not take place, the trial court sustained Licensee's appeal and this appeal followed.[5]

■ On appeal, the Department contends that the trial court erred in sustaining Licensee's appeal because Licensee's testimony that he was not convicted of a second offense for truancy on April 21, 1999, was insufficient to overcome the pre-

1. This opinion was reassigned to the author on May 16, 2000.

2. Act of March 10, 1949, P.L. 30, *added by* Act of November 17, 1995, P.L. 1110, *as amended*, 24 P.S. § 13–1338.1(a).

3. Section 1338.1 of the Code provides, in pertinent part:

   (a) The Department of Transportation shall suspend for 90 days the operating privilege of any child upon receiving a certified record that the child was convicted of violating section 1333. If the department receives a second or subsequent conviction for a child's violation of section 1333, the department shall suspend the child's operating privilege for six months.
   24 P.S. § 13–1338.1(a).

4. Also before the trial court, Licensee's counsel stated that he represented his client before the district justice at a hearing on February 9, 1999, not April 21, 1999, and that the district justice did not find his client guilty on that date. However, because an attorney's statements at trial are not evidence, counsel's statements cannot be considered. *See Grover v. Department of Transportation*, 734 A.2d 941 (Pa.Cmwlth.1999).

5. Our scope of review of a trial court's decision regarding a driver's license suspension is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or an abuse of discretion. *Carter v. Department of Transportation, Bureau of Driver Licensing*, 700 A.2d 1069 (Pa. Cmwlth.1997).

sumption of the certified record of the conviction from the district justice. Once the Department entered the certified record into evidence, it created a rebuttable presumption that Licensee was convicted of the offense. *Department of Transportation, Bureau of Driver Licensing v. Diamond,* 151 Pa.Cmwlth. 351, 616 A.2d 1105 (1992), *petition of allowance of appeal granted,* 535 Pa. 640, 631 A.2d 1011 (1993), *appeal dismissed,* 539 Pa. 382, 652 A.2d 826 (1995). To overcome this presumption, Licensee was required to show by clear and convincing evidence that the record was erroneous. *Id.*[6]

■ In this case, Licensee's testimony that the district justice did not find him guilty of the November 13, 1998 citation is not clear and convincing evidence that the certified record is erroneous. To meet this burden, Licensee would have to challenge the regularity of the record or provide other direct evidence as to why the court record was incorrect, i.e., testimony of court personnel that the records were incorrect and that the conviction was never entered by the district justice. *See Diamond* (a certified copy of an acquittal is sufficiently clear and convincing to rebut the presumption of a conviction which arises from the introduction of the Department's certified record); *Fine v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 364 (Pa.Cmwlth.1997) (certified copy of trial court order reversing Licensee's conviction was sufficiently clear and convincing to rebut presumption); *Department of Transportation, Bureau of Driver Licensing v. Emery,* 135 Pa.Cmwlth. 274, 580 A.2d 909 (1990) (letter presented by Licensee that contained signature and official seal of district justice and stated that Licensee was found not guilty was clear and convincing evidence sufficient to rebut evidence of conviction); *In the Matter of Appeal of Richard Michael George,* 101 Pa.Cmwlth. 241, 515 A.2d 1047 (1986) (computer printout of driver's record that Licensee received from DOT that did not reflect one of the convictions upon which suspension was based did not rebut correctness of certified record).

Accordingly, because the trial court erred in sustaining Licensee's appeal, the decision of the Court of Common Pleas of Allegheny County is reversed and the six-month suspension of Licensee's operating privilege is to be reinstated.

### *O R D E R*

AND NOW, this 29th day of June, 2000, the order of the Court of Common Pleas of Allegheny County dated September 23, 1999, No. 534 SA 1999, is reversed and the six-month suspension of the operating privilege of Jason M. Mateskovich is to be reinstated.

McCLOSKEY, Senior Judge, dissents and files an opinion.

McCLOSKEY, Senior Judge, dissenting.

I respectfully dissent. The majority correctly notes that once the Department of Transportation, Bureau of Driver Licensing (DOT) enters into evidence a certified record of a licensee's conviction for a specified offense, DOT creates a rebuttable presumption that a licensee was convicted of that offense. *See Department of Transportation, Bureau of Driver Licensing v. Diamond,* 151 Pa.Cmwlth. 351, 616 A.2d 1105 (1992), *petition for allowance of appeal granted,* 535 Pa. 640, 631 A.2d 1011 (1993), and *appeal dismissed,* 539 Pa. 382, 652 A.2d 826 (1995). The majority also correctly notes that in order to overcome this presumption, a licensee is required to

---

**6.** "Clear and convincing evidence" has been defined as "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Sharon Steel Corporation v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194, 1199 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 544 Pa. 679, 678 A.2d 368 (1996).

show by clear and convincing evidence that the record was erroneous.[1] *Id.*

In this case, Jason M. Mateskovich (Licensee) was charged twice with violating Section 1333 of the Public School Code of 1949 (Code),[2] relating to compulsory school attendance. We are only concerned here with Licensee's second violation.[3] With respect to this violation, Licensee was charged on November 13, 1998, and a hearing was held before a local district justice.[4] The district justice then certified to DOT that Licensee had been convicted on April 21, 1999, and DOT, in conformity with the mandates of Section 1338.1(a) of the Code, 24 P.S. § 13–1338.1(a), suspended Licensee's operating privilege for a period of six months.[5]

Licensee thereafter filed a statutory appeal with the Court of Common Pleas of Allegheny County (trial court), alleging that he was not convicted on April 21, 1999, that there was no hearing even held before the district justice on that date and that, in fact, he was never convicted of a second violation of Section 1333 of the Code. A *de novo* hearing was held before the trial court on September 23, 1999. At the hearing, DOT entered into evidence a packet of documents, duly certified and under seal, from the Secretary of Transportation and the Director of the Bureau of Driver Licensing. This packet of documents included a copy of the district justice's April 21, 1999, certification and established a rebuttable presumption that Licensee was convicted of violating Section 1333 of the Code for a second time. *Diamond.*

In order to rebut this presumption, Licensee testified on his own behalf before the trial court. Specifically, Licensee testified that he appeared for a hearing before the district justice on February 9, 1999, not April 21, 1999, as the district justice indicated in the certification to DOT. *See* R.R. at 8a–10a. Additionally, Licensee testified that he was never convicted of truancy at this hearing. *See* R.R. at 9a. Instead, Licensee testified that the district justice informed him that "he wouldn't really do anything," but rather "would give [him] a continuance on [the citation] as long as [he] did not miss school any more." *Id.*[6] The trial court credited Licensee's testimony and concluded that such testimony constituted sufficient "clear and convincing" evidence to overcome the presumption that a conviction exists.

The majority concludes that Licensee's testimony does not constitute clear and convincing evidence establishing that the certified record was erroneous. In reach-

1. "Clear and convincing evidence" has been defined as "evidence that is so clear and direct as to permit the **trier of fact** to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Sharon Steel Corporation v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194, 1199 (Pa. Cmwlth.1996), *petition for allowance of appeal denied,* 544 Pa. 679, 678 A.2d 368 (1996) (emphasis added).

2. Act of March 10, 1949, P.L. 30, *added by* Act of November 17, 1995, P.L. 1110, *as amended,* 24 P.S. § 13–1333.

3. There is no question that Licensee was convicted on the first violation and the same was certified to DOT.

4. The actual date of this hearing is a critical issue in this case.

5. This Section of the Code provides as follows:

The Department of Transportation shall suspend for 90 days the operating privilege of any child upon receiving a certified record that the child was convicted of violating section 1333. If the department receives a second or subsequent conviction for a child's violation of section 1333, the department shall suspend the child's operating privilege for six months.

6. Licensee's counsel confirmed the assertions in Licensee's testimony. However, the law is well settled that counsel cannot present his own testimony as to the facts of a case and that counsel's statements or questions at trial do not constitute evidence. *See Grover v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 941 (Pa.Cmwlth.1999); *Commonwealth v. Royster,* 524 Pa. 333, 572 A.2d 683 (1990).

ing this conclusion, however, the majority exceeds our scope of review by infringing upon the trial court's credibility determinations and improperly reweighing the testimony presented by Licensee. In order to overcome the presumption established by DOT, the majority holds that "Licensee would have to challenge the regularity of the record or provide other direct evidence as to why the court record was incorrect, i.e., testimony of court personnel that the records were incorrect and that the conviction was never entered by the district justice." (Majority Opinion at 102).

The law is well settled that determinations as to the credibility of witnesses and the weight assigned to their testimony is solely within the province of the fact finder, in this case, the trial court. *See Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).[7] Additionally, when reviewing a decision of a lower court or an administrative agency, this Court may not reweigh the evidence presented or judge the credibility of witnesses. *See Tandon v. State Board of Medicine*, 705 A.2d 1338 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 556 Pa. 682, 727 A.2d 134 (1998); *Kundrat v. State Dental Council and Examining Board*, 67 Pa.Cmwlth. 341, 447 A.2d 355 (1982).

I do not believe that Licensee was required to produce additional direct evidence, apart from his own testimony, in order to establish that DOT's certified record was incorrect. Instead, I believe that the testimony of a single witness, if found to be credible, can be sufficient to overcome the presumption. I agree with the trial court that Licensee's testimony in this case constituted sufficient "clear and convincing" evidence to overcome the same. I note that this Court has previously held that the testimony of a single witness is

sufficient to satisfy the clear and convincing standard. *See St. Joe Zinc v. Workmen's Compensation Appeal Board (Ambrose)*, 92 Pa.Cmwlth. 259, 499 A.2d 11 (1985).[8]

Furthermore, the issue before the trial court was whether the conviction, as shown in the certified record, was procedurally correct. In accordance with the procedure established for summary cases by the Pennsylvania Rules of Criminal Procedure, the district justice is required to announce any verdict and sentence in open court immediately upon the conclusion of the trial. *See* Pa. R.Crim. P. 83(D). In other words, immediately upon conclusion of the testimony, the district justice must pronounce a finding of guilty or not guilty before the defendant.

If the district justice pronounces a finding of guilty, then he must immediately impose the sentence. *Id.* In fact, at the time of sentencing, the district justice is required to issue a written order, signed by him, imposing sentence. *See* Pa. R.Crim. P. 83(E)(4). Hence, the date of conviction is the date when the testimony is concluded and the sentence is imposed. *See Commonwealth v. Wolf*, 534 Pa. 283, 632 A.2d 864 (1993); *Commonwealth v. Weis*, 416 Pa.Super. 623, 611 A.2d 1218 (1992). A violation of these procedural rules has the effect of denying a defendant his right to a *de novo* hearing before the common pleas court. *See* Pa. R.Crim. P. 83(E)(2). Such deprivation of a defendant's right to appeal, because of lack of notice to the defendant, raises serious due process concerns.

In this case, the trial court obviously believed that Licensee's hearing was held on February 9, 1999, and the district justice did not pronounce a finding of guilty, nor impose a sentence, on that day. This

---

7. In *O'Connell*, our Supreme Court stated that "[q]uestions of credibility and conflicts in the evidence presented are for the **trial court** to resolve, **not** our appellate courts." *O'Connell*, 521 Pa. at 248, 555 A.2d at 875 (emphasis added).

8. The Pennsylvania Supreme Court has held the same as well. *See City of Pittsburgh v. Ihrig*, 256 Pa. 410, 100 A. 957 (1917); *Sheaffer's Estate*, 240 Pa. 83, 87 A. 577 (1913).

finding by the trial court is supported by the evidence of record, which indicates a date of conviction of April 21, 1999. For this reason and all others stated above, I would affirm the order of the trial court.