# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry Earl Ferguson,          :
          Appellant    :
                               :
          v.            :
                               :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :   No. 123 C.D. 2021
Bureau of Driver Licensing     :   Argued: October 20, 2021


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE J. ANDREW CROMPTON, Judge


OPINION BY
JUDGE COVEY                            FILED:  December 22, 2021


Henry Earl Ferguson (Licensee) appeals from the Cumberland County Common Pleas Court's (trial court) January 21, 2021 order denying Licensee's appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (DOT) 12-month suspension of his driving privileges. Licensee presents one issue for this Court's review: whether Licensee's substantive and procedural due process rights were violated when DOT suspended his driving privileges as a subsequent or repeat Driving Under the Influence (DUI) offender, after he had successfully completed an Accelerated Rehabilitative Disposition (ARD) program. After review, this Court affirms.

In 2012, Licensee was arrested and charged with a violation of Section 3802(a)(1) of the Vehicle Code,[1] an ungraded misdemeanor, DUI, general impairment, in Cumberland County.  On December 19, 2012, Licensee was accepted into the ARD program, which he successfully completed.  On July 14, 2020, Licensee pleaded guilty in the Cumberland County Common Pleas Court (sentencing court)[2] to a violation of Section 3802(a)(1) of the Vehicle Code, an ungraded misdemeanor, DUI, general impairment.  On July 16, 2020, DOT mailed Licensee an Official Notice of Suspension of Driving Privilege (Notice) for one year, effective August 27, 2020, pursuant to Section 3804(e)(2)(i) of the Vehicle Code.[3] Licensee appealed from the Notice to the trial court.  On November 4, 2020, the trial court held a hearing.  On January 21, 2021, the trial court denied Licensee's appeal.  Licensee appealed to this Court.[4]

Initially, Section 3804(e) of the Vehicle Code mandates, in relevant part:

**Suspension of operating privileges upon conviction**.--

(1) [DOT] shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

---

[1] 75 Pa.C.S. § 3802(a)(1) ("An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.").

[2] This Court refers to the court as sentencing court to distinguish it from the trial court.

[3] 75 Pa.C.S. § 3804(e)(2)(i) ("Suspension under paragraph (1) shall be in accordance with the following: (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.").

[4] "Our review is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

2

(i) an offense under [S]ection 3802 [of the Vehicle Code];

. . . .

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

. . . .

(iii) **There shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) [of the Vehicle Code] where the person is subject to the penalties provided in subsection (a) and the person has *no prior offense*.**

75 Pa.C.S. § 3804(e) (text emphasis added).

Section 3806(a) of the Vehicle Code provides that a "**prior offense**"

as used in this chapter **shall mean** any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of** [**ARD**] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under [S]ection 3802 [of the Vehicle Code] (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S. § 3806(a) (emphasis added).

On May 20, 2020, the Pennsylvania Superior Court ruled in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), that the particular provision of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" **for DUI criminal sentencing enhancement purposes** is unconstitutional. This case presents an issue of first impression as to whether, if at all, *Chichkin* affects the civil suspension of driving privileges for

3

second-time DUI offenders when the first DUI offense is disposed of before sentencing on the violation by ARD.

Licensee argues that, pursuant to *Chichkin*, Licensee's substantive and procedural due process rights were violated when DOT suspended his driving privileges as a subsequent or repeat DUI offender, after he had successfully completed an ARD program and earned a dismissal of his prior DUI offense. Licensee contends that, since a prior ARD acceptance involves no proof or admission of guilt, the DUI recidivist statutory license suspension based on a prior offense that was never proven is unconstitutional as applied to Licensee.

DOT rejoins that, in *Chichkin*, the Pennsylvania Superior Court determined that a prior DUI conviction may be used as a factor in enhancing a *criminal* sentence for a subsequent DUI conviction, but acceptance of ARD is not a conviction, and relying upon a previous ARD-DUI to enhance the sentence for a DUI conviction violates the constitutional requirement that any facts used to enhance a *criminal* sentence must be proven to a jury beyond a reasonable doubt. DOT asserts, however, that *Chichkin* has no impact upon a *civil* operating privilege suspension imposed in accordance with Section 3804(e)(2)(i) of the Vehicle Code, because a prior ARD-DUI is not being used to enhance a criminal punishment. DOT maintains that an operating privilege suspension is a civil sanction, not part of the criminal sentence for a DUI conviction.

This Court has explained:

The exception set forth in Section 3804(e)(2)(iii) of the Vehicle Code applies if three conditions are met:

First, the licensee must be convicted of violating [Section] 3802(a)(1) [of the Vehicle Code] as an ungraded misdemeanor. Second, the licensee must be subject to the penalties contained in [Section] 3804(a) [of the Vehicle Code]. Third, the licensee

4

> must not have a "prior offense" as defined in Section
> 3806 of the Vehicle Code[.]

*Diveglia v. Dep't of Transp., Bureau of Driver Licensing*, 220 A.3d 1167, 1170 (Pa. Cmwlth. 2019) (quoting *Becker v. Dep't of Transp., Bureau of Driver Licensing*, 186 A.3d 1036, 1037-38 (Pa. Cmwlth. 2018)).

The *Diveglia* Court expounded:

> [T]he only reference in Section 3804 of the Vehicle Code to the term "prior offense" is found in subsection (e)(2)(iii), which provides a narrowly tailored exception from suspension where a licensee has "an ungraded misdemeanor under Section 3802(a) [of the Vehicle Code]"—which is the lowest of the prohibited impairment levels—and "the person is subject to the penalties provided in subsection (a) and . . . has no prior offense." 75 Pa.C.S. § 3804(e)(2)(iii). Thus, **in the license suspension realm, whether a licensee has a prior offense is relevant for one purpose only— to determine whether a licensee with an offense for the lowest level of prohibited impairment**— *i.e.*, impairment as defined in Section 3802(a) of the Vehicle Code— **is excused from the [12]-month suspension that otherwise would be imposed under Section 3804(e)(2)(i) of the Vehicle Code**. **If the licensee has had any prior offense as defined in Section 3806([a]) of the Vehicle Code, then the licensee is not entitled to the exception**.

*Diveglia*, 220 A.3d at 1173 (emphasis added). Here, it is undisputed that Licensee had an "acceptance of [ARD] . . . before the sentencing on the present violation for . . . an offense under [S]ection 3802 [of the Vehicle Code,]" *Diveglia*, 220 A.3d at 1170, and therefore was not "excused from the [12]-month suspension that otherwise would be imposed under Section 3804(e)(2)(i) of the Vehicle Code." *Diveglia*, 220 A.3d at 1173.

The *Chichkin* Court determined that the portion of Section 3806(a) of the Vehicle Code that statutorily equates a prior ARD acceptance to a prior conviction under Section 3804 of the Vehicle Code is unconstitutional **for purposes**

**of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code**.

> Nonetheless, this Court has long held:

> The ARD program is provided as part of criminal proceedings. However, **a license revocation is a civil proceeding**. The suspension of operating privileges is, therefore, a collateral consequence of any criminal proceedings. It is a consequence, civil in nature, whose imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility. "Courts have thus consistently held that a trial court's failure to inform a defendant of this potential collateral consequence does not invalidate his [guilty] plea." *Commonwealth v. Wellington*, . . . 451 A.2d 223, 224 ([Pa. Super.] 1982); *Commonwealth v. Englert*, . . . 457 A.2d 121 ([Pa. Super.] 1983). **This Court fails to perceive any reason why acceptance by the appellant of an ARD program should be invalidated**, **or at least not considered for purposes of [Section 3804(e)(2)(i) of the Vehicle Code] any more than a guilty plea**.

*Brewster v. Dep't of Transp.*, 503 A.2d 497, 498 (Pa. Cmwlth. 1986) (emphasis added; citation omitted);[5] *see also Spagnoletti v. Dep't of Transp., Bureau of Driver Licensing*, 90 A.3d 759 (Pa. Cmwlth. 2013).

Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, i.e., the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to

---

[5] The *Brewster* Court referred to Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, relating to license revocation of habitual offenders. However, the same rationale applies to Section 3804(e)(2)(i) of the Vehicle Code.

6

"[s]uspension of operating privileges upon conviction," i.e., the collateral civil consequence thereof. 75 Pa.C.S. § 3804(e); *see Brewster*. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

The *Spagnoletti* Court explained:

"In a license suspension case, the only issues are whether the licensee was in fact convicted, and whether []DOT has acted in accordance with applicable law." *Dep't of Transp., Bureau of Driver Licensing v. Tarnopolski*, . . . 626 A.2d 138, 140 ([Pa.] 1993). []DOT bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension. *Taddei v. Dep't of Transp., Bureau of Driver Licensing*, 982 A.2d 1249 (Pa. Cmwlth. 2009). An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. *Glidden v. Dep't of Transp., Bureau of Driver Licensing*, 962 A.2d 9 (Pa. Cmwlth. 2008). []DOT must also establish it acted in accordance with applicable law. *Id*.

*Spagnoletti*, 90 A.3d at 766.

In the instant matter, at the trial court hearing, DOT presented Licensee's certified driver's license record, which included Licensee's conviction and his ARD, *see* Reproduced Record (R.R.) at 72[6] (Court Clerk's Report Showing Conviction), and 76 (Court Clerk's Report Showing ARD), which the trial court accepted into the record. *See* R.R. at 5. Thus, DOT met its *prima facie* burden of supporting Licensee's 12-month driver's license suspension.

To overcome the rebuttable presumption that []he was convicted of these offenses, Licensee bore the burden of

---

[6] Licensee's Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."). However, for consistency of reference, the citations herein are as reflected in the Reproduced Record.

7

proving by clear and convincing evidence that the record was erroneous. *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing*, 755 A.2d 100 (Pa. Cmwlth. 2000). Clear and convincing evidence is "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Id*. at 102 n.6 (citation omitted).

*Spagnoletti*, 90 A.3d at 766. Here, Licensee did not present any evidence to rebut the presumption. Accordingly, the trial court properly denied Licensee's appeal.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry Earl Ferguson,
           Appellant

        v.

Commonwealth of Pennsylvania,
Department of Transportation,
Bureau of Driver Licensing

:
:
:
:
:
:
:
:   No. 123 C.D. 2021
:

## O R D E R

AND NOW, this 22nd day of December, 2021, the Cumberland County Common Pleas Court's January 21, 2021 order is affirmed.

 

                        _____

                        ANNE E. COVEY, Judge