IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifton Johnson                        :
                                       :
        v.                             :    No. 703 C.D. 2022
                                       :    Submitted: June 6, 2023
Commonwealth of Pennsylvania,          :
Department of Transportation,          :
Bureau of Driver Licensing,            :
                   Appellant           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                  FILED: September 26, 2023


        The Commonwealth of Pennsylvania, Department of Transportation,

Bureau of Driver Licensing (PennDOT), appeals from the June 9, 2022 order entered

by the Chester County Court of Common Pleas (trial court), which sustained the

appeal filed *pro se* by Clifton Johnson. PennDOT contends that the record does not

support the trial court's finding that Johnson's Delaware County conviction never

occurred. We are constrained to reverse the trial court's order.

## I. BACKGROUND[1]

        In December 2021, PennDOT notified Johnson that his license was

---

[1] We glean the facts from the record, which are generally undisputed. This Court, however, "may take judicial notice of the dockets of other courts of the Commonwealth." *Elkington v. Dep't of Corr.* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), 2021 WL 2156909, at *4 n.4 (citing cases); *accord Miller v. Unemployment Comp. Bd. of Rev.*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of criminal docket); *Smith v. A.O. Smith Corp.*, 270 A.3d 1185, 1194 n.8 (Pa. Super. 2022) (reviewing a civil docket); *Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1337 n.11 (Pa. Cmwlth. 2018) (stating "this Court may take judicial notice of pleadings and judgments in other proceedings where appropriate. This is particularly so where,

suspended for three months because he had been convicted in Delaware County of driving with a suspended registration. Hr'g Ex. C-1.[2] Johnson timely appealed to the trial court, which scheduled a hearing *de novo*. Prior to the hearing, Johnson purportedly went to Delaware County and "Delaware County had nothing." Notes of Testimony (N.T.) Hr'g, 6/9/22, at 4.[3]

At the hearing, PennDOT moved into evidence a certified copy of Johnson's driving record. *Id.* at 5; *see also* Hr'g Ex. C-1. The exhibit consists of two screenshots of tabulated data stating, *inter alia*, the citation and docket numbers, as well as the violation and conviction dates. Hr'g Ex. C-1.[4] The exhibit also identifies the offense place and county number as "600 Block E. La" and "23," respectively. *Id.* The exhibit also reflects Johnson's Nissan vehicle, his registration number, and his city of residence as West Grove. *Id.*

---

as here, the other proceedings involve the same parties" (cleaned up)). Finally, we may cite to unreported or Superior Court cases as persuasive authority. 210 Pa. Code §§ 65.37, 69.414; *Pa. State Police v. Madden*, 284 A.3d 272, 278 n.13 (Pa. Cmwlth. 2022).

[2] Exhibit C-1, which is PennDOT's certified driving record showing Johnson's conviction, identifies the county number as 23, *i.e.*, Delaware County.

[3] A hearing *de novo* was held in March 2022. At that untranscribed hearing, Johnson was prompted to visit Delaware County to inquire about his conviction. N.T. Hr'g at 4 ("When I came to you before on the 24th of March, I came in with the same things. I don't know what's going on here. And when we spoke before, I went to Delaware County, and Delaware County had nothing, and they said something about Pittsburgh and a woman. And I'm thinking, is this got something to do with identity theft? Or, I don't know what's going on."). Unfortunately, the record does not provide any additional clarity on Johnson's alleged visit to Delaware County. The docket reflects that the trial court rescheduled the hearing *de novo* for June.

[4] Specifically, Exhibit C-1 states that the docket number is TR000119720. Upon our review of the relevant docket, *see, e.g.*, *Miller*, 131 A.3d at 115, it states (1) the citation and docket numbers in Hearing Exhibit C-1; (2) a summary trial occurred before Magisterial District Judge Hunter on December 13, 2021; (3) an "offense disposition" of "guilty" for violating 75 Pa.C.S. § 1371(a), with a disposition and filed date of December 13, 2021; and (4) "disposition cancelled" with a filed date of December 13, 2021. *See* Dkt. No. MJ-32243-TR-0001197-2020. The docket states that the "arresting agency" was "Radnor Township Police Department" in Delaware County. The docket does not define or discuss the term "disposition cancelled."

As noted above, at the June hearing *de novo*, Johnson stated that he went to Delaware County, which "had nothing." N.T. Hr'g at 4. Johnson denied ever being stopped or cited for driving with a suspended registration. *Id.* at 7. On cross-examination, Johnson acknowledged that he owns a Nissan vehicle with the registration number on file, he is the only driver, and the vehicle has been continuously registered. *Id.* at 8-9. PennDOT's counsel asked Johnson if he was "familiar with the 600 Block of East Lane in West Grove, Pennsylvania, Chester County[.]" *Id.* at 8.[5] Johnson denied familiarity with that address. *Id.* Upon questioning by the trial court, PennDOT indicated it had no other evidence of Johnson's citation. *Id.* at 9. At the conclusion of the hearing, the trial court sustained Johnson's appeal, concisely stating that it "believe[d] your testimony, Mr. Johnson. And on that basis, [the trial court] sustained your appeal and the suspension will be rescinded." *Id.* at 10.

PennDOT timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court prepared a responsive opinion, in which it indicated that it found Johnson's testimony credible and that he "did all that could be done to rebut the record." Trial Ct. Op., 8/24/22, at 2-3. The court criticized PennDOT's Exhibit C-1 as almost indecipherable and stated that PennDOT "should have been able to advise [Johnson] of the jurisdiction in which the offense was alleged to have occurred so that . . . [Johnson] could have investigated . . . or [PennDOT] could have obtained the underlying record of conviction from the jurisdiction in which it was alleged to have occurred." *Id.* In the trial court's view, because Johnson's defense was that the offense never occurred, PennDOT should

---

[5] As noted herein, the citation occurred in Delaware County and not Chester County. *See* Dkt. No. MJ-32243-TR-0001197-2020. Further, Radnor Township Police Department arrested Johnson, and Radnor Township, Delaware County, is not West Grove, Chester County. *See id.*

have presented information sufficient to permit Johnson to investigate. *Id.* at 4. The trial court concluded that reversal would require an appellate court to usurp the trial court's authority as finder of fact. *Id.* at 5.

## II. ISSUE

PennDOT contends that the trial court's finding that Johnson's Delaware County conviction "never occurred" is unsupported by the record. PennDOT's Br. at 4.

## III. DISCUSSION[6]

In support of its contention, PennDOT argues that its certified copy of Johnson's driving record establishes that the vehicle at issue was Johnson's vehicle and that Johnson was the driver. *Id.* at 13-14. PennDOT emphasizes that the trial court accepted Johnson's driving record into evidence and therefore PennDOT satisfied its burden of proof. *Id.* at 19, 21. PennDOT reasons that because it established a rebuttable presumption of Johnson's conviction, "the burden shifted to Johnson to show by 'clear and convincing evidence' that he was not convicted . . . ." *Id.* at 22. PennDOT maintains, however, that Johnson's uncorroborated testimony that he was not convicted is not "clear and convincing evidence." *Id.* at 22-23 (discussing, *inter alia*, *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing*, 755 A.2d 100 (Pa. Cmwlth. 2000)). In PennDOT's view, "uncorroborated testimony is insufficient to meet the strict evidentiary standard required to overcome the statutory presumption." *Id.* at 23-24 (quoting *Fell v. Dep't of Transp., Bureau of Motor Vehicles*, 925 A.2d 232, 239 (Pa. Cmwlth. 2007) (*en banc*)). PennDOT thus

---

[6] "Generally, an appellate court's standard of review in a driver licensing matter is to determine whether the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Linkosky v. Dep't of Transp., Bureau of Driver Licensing*, 247 A.3d 1019, 1026 (Pa. 2019).

4

concludes this Court must reverse. *Id.* at 25.[7]

In *Mateskovich*, the driver was twice convicted of truancy, which, at that time, mandated a six-month suspension of driving privileges under the now-repealed Section 1338.1(a) of the Public School Code of 1949, 24 P.S. § 13-1338.1(a).[8] *Mateskovich*, 755 A.2d at 101. On appeal to the trial court, the driver challenged the record of his second conviction. *Id.*

At the *de novo* trial court hearing in *Mateskovich*, PennDOT introduced a certified copy of the driver's convictions. *Id.* The driver contested the accuracy of that copy by testifying that the tribunal found him not guilty. *Id.* The trial court found the driver's "testimony was credible and that it constituted clear and convincing evidence that the second conviction did not take place . . . ." *Id.* The trial court therefore sustained the driver's appeal. *Id.*

PennDOT appealed to this Court, which held that the driver's testimony alone was not "clear and convincing evidence that the certified record is erroneous." *Id.* at 102. In the *Mateskovich* Court's view, in order to successfully rebut the certified copy of the driver's convictions, the driver "would have to challenge the regularity of the record or provide other direct evidence as to why the court record was incorrect, *i.e.*, testimony of court personnel that the records were incorrect and that the conviction was never entered by the district justice." *Id.* This Court thus concluded that the driver's credible testimony that he was not convicted was insufficient as a matter of law. *See id.* The *Mateskovich* Court therefore reversed the trial court. *Id.*[9]

---

[7] Johnson did not file a brief. *See also* Order, 1/18/23.

[8] Act of March 10, 1949, P.L. 30, *as amended*, added by Act of November 17, 1995, P.L. 1110, formerly 24 P.S. § 13-1338.1(a), repealed by Act of November 3, 2016, P.L. 1061.

[9] The dissent disagreed, reasoning that the majority improperly infringed "upon the trial court's credibility determinations and improperly reweigh[ed] the testimony presented by" the

Instantly, we acknowledge that *Mateskovich* involved a conviction under the Public School Code, unlike Johnson's conviction under the Vehicle Code, 75 Pa.C.S. §§ 101-9701. *Cf. id.* at 102. Nevertheless, both cases involve the accuracy of PennDOT's certified copy of the driver's record, upon which PennDOT relies to suspend driving privileges. *Compare id.*, *with* N.T. Hr'g at 5. The *Mateskovich* driver, identical to Johnson, testified that the conviction never occurred. *Compare Mateskovich*, 755 A.2d at 102, *with* N.T. Hr'g at 7. Like the trial court in *Mateskovich*, the instant trial court also found Johnson's testimony credible and sustained the appeal. *Compare Mateskovich*, 755 A.2d at 102, *with* N.T. Hr'g at 10. Because the *Mateskovich* Court found that the driver's credible testimony that the conviction did not occur was insufficient to rebut PennDOT's record, we are similarly constrained to hold that Johnson's credible testimony was also insufficient. *See Mateskovich*, 755 A.2d at 104; *see also Fell*, 925 A.2d at 239; *Mattiuz v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 1161 C.D. 2009, filed Jan. 28, 2010), 2010 WL 9511404, at *2 (holding that the licensee's "uncorroborated testimony" that a citation was withdrawn did not rebut PennDOT's documentary evidence of a conviction). Because the trial court erred in reaching its decision, we reverse. *See Linkosky*, 247 A.3d at 1026.[10]

### IV. CONCLUSION

Accordingly, for these reasons, we reverse the trial court's order. We

driver. *Mateskovich*, 755 A.2d at 104 (McCloskey, J., dissenting). The dissent reasoned that the driver was not required to produce additional direct evidence that the certified copy of the record was incorrect. *Id.* In the dissent's view, "the testimony of a single witness, if found to be credible, can be sufficient to overcome the presumption." *Id.*

[10] Nevertheless, we acknowledge the apparent record discrepancies. The relevant docket reflects a "disposition cancelled" of Johnson's conviction and that Radnor Township Police, in Delaware County, was the arresting authority. *See* Dkt. No. MJ-32243-TR-0001197-2020. PennDOT's counsel nonetheless believed that the offense occurred in Chester County. N.T. Hr'g at 8.

add, however, that under the unique circumstances of this case, including taking judicial notice of the relevant docket and PennDOT's counsel's misreading of Exhibit C-1, that counsel may be obliged, as an officer of the court, to investigate further.

_____
LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifton Johnson :
:
v. : No. 703 C.D. 2022
:
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
Appellant :

# **O R D E R**

AND NOW, this 26th day of September, 2023, we REVERSE the June 9, 2022 order entered by the Chester County Court of Common Pleas.

_____
LORI A. DUMAS, Judge