**Lloyd W. GLIDDEN, II, Appellant**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 19, 2008.

Filed Dec. 4, 2008.

Richard C. Daubenberger, Media, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Lloyd W. Glidden, II (Licensee) appeals an order of the Court of Common Pleas of Montgomery County (trial court) that denied his statutory appeal from a one-year suspension of his operating privileges for a violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1) (driving under the influence of alcohol or controlled substance (DUI), general impairment). The issue is whether the trial court correctly found that Licensee was not sentenced for his DUI conviction under sections of the Vehicle Code that would allow him to avoid a suspension of his operating privileges. We affirm on other grounds.

In a criminal proceeding, Licensee pled guilty to DUI in violation of 75 Pa.C.S. § 3802(a)(1) (DUI, general impairment).

Subsequently, the Pennsylvania Department of Transportation (PennDOT) notified Licensee that his operating privileges would be suspended for one year pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i) (one-year suspension for an ungraded misdemeanor DUI violation). Licensee filed a statutory appeal to the trial court.

The trial court denied Licensee's appeal, ruling the Clerk of Courts was correct in certifying that Licensee had not been sentenced under 75 Pa.C.S. § 3804(a)(1) (penalties for first-time DUI offenders, general impairment): therefore, PennDOT properly suspended his operating privileges for one year.

At the hearing before the trial court, PennDOT entered exhibit C–1 into evidence, establishing Licensee's violation of 75 Pa.C.S. § 3802(a)(1) (DUI, general impairment). This included form DL–21, the Clerk of Court's report of Licensee's conviction. Supplemental Reproduced Record (S.R.R.) at 4b. The form reported that Licensee was convicted of a violation of 75 Pa.C.S. § 3802(a)(1), he was sentenced to prison, and *he was not sentenced under 75* Pa.C.S. § 3804(a)(1). PennDOT also included Licensee's certified driving history. S.R.R. at 10b–12b. The driving history indicated Licensee violated 75 Pa.C.S. § 3802(a)(1) and the resulting one-year suspension is under appeal. S.R.R. at 11b.

Before the trial court, Licensee stipulated to his conviction for a violation of 75 Pa.C.S. § 3802(a)(1) (DUI, general impairment) and to his sentence of 30 days in prison. Licensee did not object to the admission of exhibit C–1, but challenged the Clerk's certification that Licensee was *not* sentenced under 75 Pa.C.S. § 3804(a)(1) on form DL–21. Licensee argued he was sentenced under 75 Pa.C.S. § 3804(a)(1) (penalties for first-time DUI offenders, general impairment). Thus, PennDOT could not suspend Licensee's operating privileges because he was a first-time offender convicted of an ungraded misdemeanor, subject to the penalties of 75 Pa.C.S. § 3804(a). *See* 75 Pa.C.S. § 3804(e)(2)(iii) (providing "no-suspension exception" to general one-year suspension).

On appeal,[1] Licensee argues the trial court erred by basing its opinion, in part, on documents from Licensee's underlying criminal conviction that were never submitted as part of the record. Next, Licensee contends the trial court erred as a matter of law by finding the criminal court sentenced him pursuant to Section 3804(b) of the Vehicle Code, 75 Pa.C.S. § 3804(b) (penalties for DUI resulting in accidents) and Section 3804(c) of the Vehicle Code, 75 Pa.C.S. § 3804(c) (penalties for DUI coupled with a refusal of chemical testing) rather than pursuant to 75 Pa.C.S. § 3804(a)(1) (penalties for first-time DUI offenders). Finally, Licensee argues the trial court erred by finding the severity of his punishment established the criminal court did not sentence him as a first-time DUI offender.

█ Section 3804 is the penalties provision for DUI violations. It reads, in relevant part:

> **(e) Suspension of operating privileges upon conviction.—**
>
> (1) *[PennDOT] shall suspend the operating privilege* of an individual under paragraph (2) *upon receiving a certified*

1. Our review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Dep't of Transp., Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

*record of the individual's conviction of* or an adjudication of delinquency for:

(i) *an offense under section 3802;*

. . .

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

. . .

(iii) *There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.*

75 Pa.C.S. § 3804(e) (emphasis added). This provision requires suspension of operating privileges for 12 months where, as here, a licensee is convicted of an offense under Section 3802.

The legislature carved out one exception to this general punishment. Section 3804(e)(2)(iii) ("no-suspension exception") allows licensees to avoid a suspension if they are convicted of an ungraded misdemeanor under Section 3802(a), have no prior offenses, and are subject to the penalties provided in Section 3804(a). In turn, Section 3804(a) provides the following penalties for a first-time DUI offender, general impairment:

(i) undergo a mandatory minimum term of six months' probation;

(ii) pay a fine of $300;

(iii) attend an alcohol highway safety school approved by [PennDOT]; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

75 Pa.C.S. § 3804(a)(1).

PennDOT and Licensee agree that he satisfies two of the three necessary conditions to qualify for the "no-suspension exception:" he was convicted of an ungraded misdemeanor violation of Section 3802(a)(1), and it was his first offense. However, the parties disagree on whether the criminal court sentenced Licensee under 75 Pa.C.S. § 3804(a)(1) (penalties for first-time DUI offenders, general impairment). Licensee admits the Clerk of Courts in the underlying criminal conviction did not commit a clerical error certifying that Licensee was *not* sentenced under 75 Pa.C.S. § 3804(a)(1). *See* R.R. at 11a–12a. Instead, Licensee argues that the Clerk's certification was erroneous as a matter of law.

In a license suspension case, the only issues are whether the criminal court convicted the licensee, and whether PennDOT acted in accordance with applicable law. *Dep't of Transp., Bureau of Driver Licensing v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (1993). PennDOT bears the initial burden to establish a prima facie case that a record of conviction supports a suspension. *Zawacki v. Dep't of Transp., Bureau of Driver Licensing,* 745 A.2d 701 (Pa.Cmwlth.2000). An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. *Cotter v. Dep't of Transp., Bureau of Driver Licensing,* 703 A.2d 1092 (Pa.Cmwlth.1998). PennDOT must also establish it acted in accordance with applicable law. *Id.*

Here, PennDOT produced Licensee's certified conviction report, form DL–21, and his certified driving record. S.R.R. at 4b, 10b–12b. The report showed Licensee was convicted of a violation of 75 Pa.C.S. § 3802(a)(1), Licensee was sentenced to

prison, and Licensee was not sentenced under 75 Pa.C.S. § 3804(a)(1). Licensee's driving history also listed a violation of 75 Pa.C.S. § 3802(a)(1). These certified documents satisfy PennDOT's initial burden to establish a conviction and create a rebuttable presumption of the fact of Licensee's conviction.

In order to overcome this presumption, Licensee must show by clear and convincing evidence that the record was erroneous. *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing,* 755 A.2d 100 (Pa.Cmwlth.2000). Clear and convincing evidence is "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." Id. at 102 n. 6. Licensee presented no rebuttal evidence before the trial court beyond his attorney's argument that the Clerk of Court's certification was legally erroneous. This does not constitute clear and convincing evidence because an attorney's statements at trial are not evidence. Id. Thus, the unrebutted evidence shows Licensee was not sentenced under 75 Pa.C.S. § 3804(a)(1) (penalties for first-time offenders, general impairment), and therefore he does not qualify for the "no-suspension exception."

Licensee contends that the penalties for first-time general impairment DUI offenders are minimum penalties. Accordingly, any penalty above the minimum, including his total confinement for 30 days, could be consistent with a sentence for first-time general impairment DUI offenders. We reject this argument.

The scheme of the penalty provision is revealing. As for general impairment offenses, a first-time offender may be sentenced to undergo a mandatory minimum term of *six months probation,* a second-time offender must undergo imprisonment for not less than *five days,* and a third-time offender must undergo imprisonment for not less than *10 days.* 75 Pa.C.S. § 3804(a).

By comparison, for DUI offenses that involve injury or death or a high rate of blood alcohol, a first-time offender must undergo imprisonment of not less than *48 consecutive hours,* a second-time offender must undergo imprisonment of not less than *30 days,* a third-time offender must undergo imprisonment of not less than *90 days.* 75 Pa.C.S. § 3804(b).

For further comparison, for DUI offenses that involve refusal of testing or the highest rate of blood alcohol, a first-time offender must undergo imprisonment of not less than *72 consecutive hours,* a second-time offender must undergo imprisonment of not less than *90 days,* and a third-time offender must undergo imprisonment of not less than *one year.* 75 Pa.C.S. § 3804(c).

Here, Licensee admitted to receiving a sentence of 30 days in prison. Given the statutory scheme discussed above, this minimum penalty was so far beyond the minimum penalty for even a third-time general impairment DUI offender as to support the trial court's inference that Licensee was not sentenced under the provisions for first-time offenders. Further, Licensee's minimum penalty is more consistent with first-or second-time offenders for DUI offenses involving injury. Also, his minimum penalty is more consistent with first-time offenders for DUI offenses involving a refusal of testing. In short, a comparison of the statutory scheme with the sentencing plan for Licensee supports the respected trial court's decision.

Finally, Licensee's argument that he was not sentenced under the proper section of the Vehicle Code, must be heard on an appeal from his underlying criminal conviction, not before this Court.

Licensees may not collaterally attack an underlying criminal conviction during a civil license suspension proceeding. *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994). Thus, PennDOT properly imposed a one-year suspension of Licensee's operating privileges because competent, unrebutted evidence established Licensee was not sentenced under 75 Pa. C.S. § 3804(a)(1) and therefore was not entitled to the "no-suspension exception."

Therefore, we affirm the trial court's decision sustaining the one-year suspension of Licensee's operating privileges.[2]

***ORDER***

**AND NOW,** this 4th day of December, 2008, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED.**

2. Both parties assert the trial court erred by basing its decision, in part, on documents from Licensee's underlying criminal conviction, that were not offered or admitted into evidence during Licensee's statutory appeal hearing. We do not address this issue because based on our discussion above, the record contains sufficient evidence to conclude Licensee is not entitled to the "no-suspension" exception.