Ruslan SIVAK

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 2010.

Decided Nov. 19, 2010.

Philip M. Bricknell, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

V. Erik Petersen, Harleysville, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Court of Common Pleas of Montgomery County (trial court) that sustained the appeal of Ruslan Sivak (Sivak) from a one year suspension of his operating privilege pursuant to Section 3804(e)(2) of the Vehicle Code (Code), 75 Pa.C.S. § 3804(e)(2).[1]

On February 10, 2008, Sivak was arrested and charged with DUI/Unsafe Driving and a traffic offense. Sivak appeared before the Court of Common Pleas of Montgomery County on February 5, 2009, to enter a guilty plea.

At the guilty plea hearing, Christopher Parisi, Esquire, Assistant District Attorney, stated to the Court of Common Pleas of Montgomery County:

Your Honor, it's my understanding the defendant [Sivak] is entering a plea to the main bill, count one, driving after imbibing, under Subsection A1, that's an ungraded misdemeanor. In exchange for his plea he'll receive a sentence of not less than 72 hours no [sic] more than six months, pay the mandatory $1,000 fine as well as costs, Penn DOT requirements and safety school, CRN evaluation. . . .

Notes of Testimony, February 5, 2009, (N.T. 2/5/09) at 3; Reproduced Record (R.R.) at 84a.

The Court of Common Pleas of Montgomery County announced:

In the matter of the Commonwealth of Pennsylvania versus Ruslan Sivak, I find that he's entered a knowing, intelligent and voluntary plea to the bill at 5286 of 03, count one, driving after imbibing, an ungraded misdemeanor. . . . Count two will be nol-prossed [sic].

As a result of accepting his plea, he is to undergo imprisonment for not less than 72 hours, no [sic] more than six months in Montgomery County Correctional Facility. Commitment will date from March 2nd of the year 2009 at 9 a.m. He's also sentenced to pay the cost as well as a $1,000 fine, abide by all the Penn DOT requirements and pay a $35 per month offender supervision fee.

N.T. 2/5/09 at 7–8; R.R. at 88a–89a.

The Trial/Plea/Sentence signed by the Court of Common Pleas of Montgomery County indicated that the court accepted a guilty plea to DUI (UM).[2]

The Clerk of Courts of Montgomery County prepared the DL–21 Form for DOT. The Form indicated that Sivak was sentenced to prison and that he was not sentenced under Section 3804(a)(1) of the Code, 75 Pa.C.S. § 3804(a)(1).[3]

---

1. Section 3804(e)(2) provides in pertinent part:

   **(e) Suspension of operating privileges upon conviction.—**
   . . . .
   (2) Suspension under paragraph (1) shall be in accordance with the following:
   (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.
   (ii) 18 months for a misdemeanor of the first degree under this chapter.

   (iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.

2. Presumably, "UM" is an abbreviation for ungraded misdemeanor.

3. Section 3804(a)(1) provides in pertinent part:

   **(a) General impairment.**—Except as set forth in subsection (b) or (c), an individual

Sivak's attorney, V. Erik Petersen (Attorney Petersen) believed that the DL–21 Form was completed in error because Sivak was sentenced under Section 3804(a)(1) of the Code. Attorney Petersen communicated his belief to the Clerk of Courts of Montgomery County which prepared an amended DL–21 Form which indicated that Sivak was sentenced to prison and was sentenced under Section 3804(a)(1).

After it received the original DL–21 Form, DOT, by official notice dated April 6, 2009, informed Sivak that his operating privilege was to be suspended for one year, effective August 23, 2009, as a result of his conviction on February 5, 2009, for violating Section 3802(a)(1) of the Code, 75 Pa.C.S. § 3802(a)(1), DUI General Impairment on February 10, 2008.[4]

The trial court held a *de novo* hearing on October 5, 2009. DOT submitted into evidence the official notice of suspension, the original DL–21 Form, and Sivak's driving record.

Attorney Petersen argued that DOT's exhibit established that Sivak was convicted of an ungraded misdemeanor and had no prior DUI offense so that he was not subject to a suspension under Section 3804(e)(2)(iii) of the Code, 75 Pa.C.S. § 3804(e)(2)(iii). Attorney Petersen had

represented Sivak at his criminal trial and explained the plea agreement:

> The negotiated deal that was entered with the DA's office was that he would plead to a general impairment 3802(a) and that he would do the jail time that was agreed to which was 72 hours. It certainly looks like on its face a case that would get a one-year suspension. There's no question about that. However, it was made very clear in the guilty plea colloquy that the way he was being treated was a situation where there would be no suspension.
>
> Basically, the deal that I cut on behalf of my client was ... if you want your jail time and you want your fine, you can have it; I just don't want a suspension for the refusal portion of this case. And they agreed.
>
> So during the guilty plea ... Chris Parisi in the DA's office, one of the more senior members there, was involved with this case. And when he announced the terms of the plea ... he announced to the court that there would be a one-year suspension, but then—and I'll read it directly from the transcript. At this point, he says, 'Your Honor, excuse me. There is no license suspension on this offense.'

Notes of Testimony, October 5, 2009, at 7; R.R. at 20a.

---

who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:
(1) For a first offense, to:
(i) undergo a mandatory minimum term of six months' probation;
(ii) pay a fine of $300;
(iii) attend an alcohol highway safety school approved by the department; and
(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

4. Driving under influence of alcohol or controlled substance, Section 3802(a)(1) of the Code, 75 Pa.C.S. § 3802(a)(1), provides:

**(a) General Impairment.—**
(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

Attorney Petersen believed that the Clerk of Courts had completed the DL–21 form which was sent to DOT in error:

I then went to the clerk of courts and I showed them all these documents and I said, respectfully, I think you've made a mistake; really that answer should be yes. At that point, they agreed with me and submitted an amended DL–21 where it says: Was the defendant sentenced under 3804(a)(1) and now they've checked yes.

N.T. at 9–10; R.R. at 22a–23a.

The trial court permitted Attorney Petersen to testify that he negotiated a guilty plea with the District Attorney's Office in the criminal matter and submitted into evidence the transcript from the guilty plea on February 5, 2009. N.T. at 16–17; R.R. at 29a–30a.

Mary Boynes (Boynes), supervisor of dispositions for the Montgomery County Clerk of Courts, testified that it was the responsibility of the Clerk of Courts Office to fill out the DL–21 form for DOT. N.T. at 22; R.R. at 35a. A box on the Form is provided for a defendant sentenced pursuant to Section 3804(a)(1) of the Code, 75 Pa.C.S. § 3804(a)(1). In Sivak's case, Boynes testified that the "no" box was checked. N.T. at 24–26; R.R. at 37a–39a. Boynes testified that because Sivak was sentenced to prison, the "no" box should have been checked on the amended DL–21 as well. N.T. at 28–29; R.R. at 41 a–42a.[5]

The trial court sustained the appeal:

It is clear from the unrefuted record presented by the Licensee [Sivak] before the undersigned that it was the agreement and intent of the parties and the presiding judge, Judge Furber, who sentenced Mr. Sivak, the Licensee was to be sentenced under 75 PA. CONS. STAT. § 3804(a)(1), and that there was to be no suspension included either within or as a condition or part of that sentence. Though is it unfortunate that the Clerk erroneously reported the Licensee's sentence on its DL–21 form dated March 12, 2009, once that mistake was discovered by Mr. Sivak's attorney and subsequently corrected by the filing of the Amended DL–21 Report ..., the suspension, first triggered following the Bureau of Licensing's receipt of the initial filing, should have been thereafter rescinded by PennDOT.

. . . .

Each of the sentencing criteria set forth in Section 3804(a)(4) was, in fact, complied with by Judge Furber when he sentenced Mr. Sivak on February 5, 2009 and ordered that, as a part of that negotiated sentence, the Licensee [Sivak] not undergo a second suspension of his Pennsylvania driving privileges. PennDOT concedes the point that, had Judge Furber sentenced Mr. Sivak to a probation of six months or more, no license suspension would be warranted in this case.... Somewhat paradoxically, however, PennDOT takes the position that, once the criminal trial judge sentenced the Defendant [Sivak] to a term of incarceration, regardless of its length, albeit one day or six months, a license suspension becomes automatic and unavoidable, i.e., jail equals suspension and cannot be negotiated.... PennDOT claims support for that proposition lies in both the 'statute' and certain cited cases, including *Glidden [v. Department of Transportation, Bureau of Driver Li-*

---

**5.** Attorney Petersen believed the original DL–21 was in error. He informed the clerk of courts that a mistake was made. As a result, the amended form had the "yes" box checked.

If a defendant is sentenced under Section 3804(a)(1) of the Code, then there is no suspension.

*censing,* 962 A.2d 9 (Pa.Cmwlth.2008) ]. Nevertheless, despite such assurances to the contrary notwithstanding, neither Glidden nor any of the other appellate decisions relied upon by PennDOT lend any credence or assistance required in this case to sustain PennDOT's somewhat creative alternative formulaic approach where 'jail equals suspension.' Nor does any part or section of the Vehicle Code either dictate or facilitate an automatic suspension of a driver's license whenever the offender is the recipient of a prison sentence.

The fact of the matter simply remains that, in the case at bar and in keeping with Glidden, the Licensee [Sivak] has persuasively and convincingly shouldered and sustained his burden rebutting the presumption that the record of his conviction supports a suspension. Contrary to PennDOT's assertion, the penalty provisions of Section 3804(e) mandating a license suspension are simply not applicable to this case, since the plea entered by Mr. Sivak in his criminal case was a 'non-refusal' plea to a violation of Section 3802(a)(1) involving an ungraded misdemeanor committed by a first time offender. Pursuant to his plea agreement with the Commonwealth, accepted by the trial judge, Licensee was sentenced under Section 3804(a)(1) of the Vehicle Code, thereby specifically exempting him from the suspension provision of § 3804(e) under the exception provided within subparagraph (2)(iii). (Emphasis in original) (Citations omitted).

Trial Court Opinion, March 12, 2010, at 7–10; R.R. at 109a–112a.

■ DOT contends that a licensee convicted of DUI who receives a sentence of imprisonment is not qualified for an exception from a one year license suspension. DOT also contends that once DOT's prima facie case created the presumption that Sivak's license suspension was proper, the trial court erred when it determined that Sivak met his burden to rebut the presumption when he produced evidence which established that he was sentenced under a provision that would avoid a suspension. DOT also contends that the trial court erred when it based its decision to sustain the license suspension appeal on a plea agreement which was an attempt to circumvent the Code.[6]

Initially, DOT contends that Sivak was not entitled to the exception to the mandatory one year license suspension provision contained in Section 3804(e)(2)(iii) of the Code, 75 Pa.C.S. § 3804(e)(2)(iii), because he received a prison sentence. Sivak was sentenced to a term of seventy-two hours to six months. DOT also asserts that the DL–21 Form is not controlling. What must control, according to DOT, was the reality of what occurred.

DOT further asserts that Sivak failed to meet his burden to rebut the presumption created by DOT's prima facie case by clear and convincing evidence because the evidence he produced indicated that he was not sentenced under the provisions of Section 3804(a)(1) of the Code.

■ In a license suspension case, DOT bears the initial burden to establish a prima facie case that a record of convictions supports a suspension. *Zawacki v. Department of Transportation, Bureau of Driver Licensing,* 745 A.2d 701 (Pa. Cmwlth.2000). In order to overcome this

---

**6.** This Court's review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law were committed, or whether the trial

court committed an abuse of discretion in making its determination. *Department of Transportation v. Renwick,* 543 Pa. 122, 669 A.2d 934 (1996).

presumption, the licensee must show by clear and convincing evidence that the record was erroneous. *Mateskovich v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 100 (Pa. Cmwlth.2000).

Again, section 3804(e)(2)(iii) of the Code, 75 Pa.C.S. § 3804(e)(2)(iii), provides:

There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.

Here, the parties do not dispute that Sivak was convicted of an ungraded misdemeanor and that he had no prior DUI offense. The parties dispute whether Sivak was subject to the penalties in Section 3804(a)(1) of the Code, 75 Pa.C.S. § 3804(a)(1) (relating to general impairment). DOT asserts that because Sivak was sentenced to three days to six months in prison rather than to a mandatory minimum term of six months probation, Sivak was not subject to the penalties in Section 3804(a)(1). Sivak argues that he was subject to the penalties of Section 3804 because he entered his guilty plea as a "nonrefusal general impairment plea." Sivak also asserts that while the mandatory minimum term is six months probation for this offense, Section 3804(a)(1)(i), a prison sentence may be included.

DOT asserts that *Glidden v. Department of Transportation, Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth.2008) controls. In a criminal proceeding, Lloyd W. Glidden, II (Glidden) had pled guilty to DUI in violation of Section 3802(a)(1) of the Code, 75 Pa.C.S. § 3802(a)(1), DUI general impairment. DOT notified Glidden that it was suspending his operating privileges for one year pursuant to Section 3804(e)(2)(i) of the Code, 75 Pa.C.S. § 3804(e)(2)(i). Glidden appealed to the Court of Common Pleas of Montgomery County (Montgomery Court). At the hearing before the Montgomery Court, DOT introduced into evidence a packet of documents which established that Glidden violated 75 Pa.C.S. § 3802(a)(1) for DUI, general impairment. The packet included the DL–21 Form which indicated that Glidden was convicted of a violation of 75 Pa.C.S. § 3802(a)(1) and he was sentenced to prison. He was not sentenced under 75 Pa.C.S. § 3804(a)(1). Glidden stipulated that he was convicted for a violation of 75 Pa.C.S. § 3802(a)(1) and that he was sentenced to thirty days in prison. Glidden argued that he was sentenced under 75 Pa.C.S. § 3804(a)(1). The Montgomery Court denied Glidden's appeal and determined that the Clerk of Courts did not err when it certified that Glidden had not been sentenced under 75 Pa.C.S. § 3804(a)(1). *Glidden,* 962 A.2d at 10–11.

Glidden appealed to this Court and contended that the Montgomery Court erred when it relied in part on documents from his underlying criminal conviction that were not part of the record, that the Montgomery Court erred when it found that the criminal court sentenced him pursuant to Section 3804(b) and Section 3804(c) rather than pursuant to Section 3804(a)(1) of the Code, and that the Montgomery Court erred when it determined that the severity of his punishment established that the criminal court did not sentence him as a first time DUI offender. *Glidden,* 962 A.2d at 11.

This Court determined that Glidden failed to provide clear and convincing evidence that he was sentenced under 75 Pa.C.S. § 3804(a)(1). *Glidden,* 962 A.2d at 13. With respect to his sentencing, this Court determined:

Licensee [Glidden] contends that the penalties for first-time general impairment DUI offenders are minimum penalties. Accordingly, any penalty above

the minimum, including his total confinement for 30 days, could be consistent with a sentence for first-time general impairment DUI offenders. We reject this argument.

The scheme of the penalty provision is revealing. As for general impairment offenses, a first-time offender may be sentenced to undergo a mandatory minimum term of *six months probation,* a second-time offender must undergo imprisonment for not less than *five days,* and a third-time offender must undergo imprisonment for not less than *10 days.* 75 Pa.C.S. § 3804(a).

By comparison, for DUI offenses that involve injury or death or a high rate of blood alcohol, a first-time offender must undergo imprisonment of not less than *48 consecutive hours,* a second-time offender must undergo imprisonment of not less than *90 days.* 75 Pa.C.S. § 3804(b).

For further comparison, for DUI offenses that involve refusal of testing or the highest rate of blood alcohol, a first-time offender must undergo imprisonment of not less than *72 consecutive hours,* a second-time offender must undergo imprisonment of not less than *90 days,* and a third time offender must undergo imprisonment of not less than *one year.* 75 Pa.C.S. § 3804(e).

Here, Licensee [Glidden] admitted to receiving a sentence of 30 days in prison. Given the statutory scheme discussed above, this minimum penalty was so far beyond the minimum penalty for even a third-time general impairment DUI offender as to support the trial court's inference that Licensee [Glidden] was not sentenced under the provisions for first time offenders. Further, Licensee's [Glidden] minimum penalty is more consistent with first- or second-time offenders for DUI offenses involving injury. Also, his minimum penalty is more consistent with first-time offenders for DUI offenses involving a refusal of testing. In short, a comparison of the statutory scheme with the sentencing plan for Licensee [Glidden] supports the respected trial court's decision. (Emphasis in original).

*Glidden,* 962 A.2d at 13. This Court also determined that Glidden's contention that he was not sentenced under the proper section of the Code must be heard in a criminal appeal. *Glidden,* 962 A.2d at 13.

■ Here, Sivak was sentenced to a term of seventy-two hours to six months. This sentence was in excess of the six months probation contained in Section 3804(a) of the Code for a first time offender in the general impairment category and corresponds to the sentence for a first offender who refused to submit to blood alcohol testing or tests at the highest rate of blood alcohol. However, there is nothing in the record to indicate that Sivak was convicted as a first time offender who refused to submit to blood alcohol testing or that he tested at the highest rate of blood alcohol. Although Sivak was sentenced in excess of the minimum in Section 3804(a)(1), he was not sentenced "so far beyond the minimum penalty for even a third-time general impairment DUI offender." *Glidden,* 962 A.2d at 13. This Court finds no support in the Code or case law for DOT's assertion that jail time takes an offender out of Section 3804(a)(1). It appears from the record, the Code, and the case law that the trial court did not err when it sustained the license suspension appeal.

DOT next contends that the trial court erred when it based its decision to sustain the license suspension appeal on a plea agreement that attempted to circumvent the Code.

■ This Court agrees that a district attorney does not have the authority in a plea agreement to a criminal proceeding to bind DOT with respect to the civil suspension. *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 111 Pa.Cmwlth. 105, 533 A.2d 501 (1987).

In *Lefever*, this Court addressed the effect of a plea bargain in a criminal proceeding on a civil license suspension. DOT suspended John Milford Lefever (Lefever) for refusal to submit to chemical analysis after he was arrested for DUI. Seven months after DOT notified Lefever that his license would be suspended for twelve months for his refusal, Lefever entered a guilty plea to two counts of driving under the influence pursuant to a plea agreement with the district attorney. The district attorney agreed to withdraw the notice of refusal sent to DOT, in exchange for Lefever's consent to use the results of a blood test taken at a hospital which registered a blood alcohol content of .195% as evidence in the criminal proceeding. The judge in the criminal proceeding was not informed that Lefever was already serving the twelve month refusal suspension, and that the appeal period for that suspension had expired, until after he recognized the agreement as a condition of the guilty plea. On June 12, 1985, DOT notified Lefever that he would begin serving a mandatory twelve month suspension for the conviction on November 12, 1985, consecutive to the refusal suspension. On February 26, 1986, Lefever sought and was granted the right to appeal nunc pro tunc to challenge the civil administrative suspension on the grounds that DOT had not withdrawn the refusal suspension pursuant to the criminal court's order. DOT's motion to quash Lefever's appeal as untimely filed was denied. The Court of Common Pleas of Lancaster County directed DOT to reinstate Lefever's operating privilege. *Lefever*, 533 A.2d at 501–502.

This Court determined that the Court of Common Pleas of Lancaster County erred when it granted Lefever's petition to appeal nunc pro tunc:

> In our view, the trial court exceeded its scope of review by considering the terms of Lefever's criminal plea agreement when reviewing the refusal suspension.... The mandatory civil penalties of the Vehicle Code are not subject to the terms of a plea agreement arising from related criminal charges. Regardless of the disposition of the criminal charge, the suspension resulting from a refusal to submit to a blood alcohol level test is an independent civil proceeding....
>
> Further, we conclude that neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension. The statutory suspensions following a refusal to submit to a blood alcohol test or a conviction for driving under the influence are not bargaining chips to be traded in exchange for criminal convictions; rather, they are mandatory civil penalties, imposed not for penal purposes, but 'to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads.' ... (Citation and footnote omitted).

*Lefever*, 533 A.2d at 503.

■ The facts here differ from *Lefever*, which involved a suspension for a refusal to submit to blood alcohol testing. Here, the suspension was based on the offense to which Sivak admitted guilt. The trial court had to determine the offense for which Sivak was sentenced due to the confusion surrounding the DL–21 Forms. While the plea agreement in the criminal court could not be used to bind DOT to a

civil suspension or lack thereof in contravention of the Code, the trial court was certainly authorized to consider the criminal court proceeding to determine the offense for which Sivak was convicted. This Court finds no error on the part of the trial court.

Accordingly, this Court affirms.

## ORDER

AND NOW, this 19th day of November, 2010, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.