**Leon Bernard DYSON, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 2010.

Decided April 4, 2011.

Kevin E. Hexstall, Philadelphia, for appellant.

Philip M. Bricknell, Assistant Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McCULLOUGH.

Leon Bernard Dyson (Licensee) appeals from the April 8, 2010, order of the Court of Common Pleas of Montgomery County (trial court), which granted the motion for reconsideration of the Department of Transportation, Bureau of Driver Licensing (DOT), and denied Licensee's appeal from a suspension of his driver's license. We reverse.

On September 20, 2008, Licensee was arrested and charged with driving under the influence of alcohol (DUI). This was Licensee's first offense. Thereafter, Licensee entered into a negotiated plea agreement with the district attorney's office and pleaded guilty to ."DUI—General Impairment" as defined by section 3802(a) of the Vehicle Code (Code).[1] The record includes the following colloquy:

---

1. Section 3802(a) of the Code provides as follows:

   (a) **GENERAL IMPAIRMENT.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual

[Assistant District Attorney] At this time the Commonwealth would move to amend Count 1 of the Bill of Information to reflect the charge of driving after imbibing, under subsection 3802(a) general impairment. The Defendant will plead guilty to that Count as amended. It's an ungraded misdemeanor first offense.

In exchange for his plea he'll receive a sentence of 48 hours to 6 months, pay a $1,000 fine, plus costs....

THE COURT: That your understanding Counsel?

[Dyson's Counsel] That is my understanding, Your Honor.

And under that general impairment there is going to be no license suspension ...

THE COURT: Absolutely.

(Reproduced Record (R.R.) at 3–4). (Emphasis added.) The sentencing judge, the Honorable William J. Furber, Jr., accepted Licensee's plea and sentenced him to a term of incarceration of forty-eight hours to six months and imposed a fine of $1,000.[2] Judge Furber stated on the record that "[t]here is no loss of license entailed with this conviction." (R.R. at 9.)

The Montgomery County Clerk of Courts submitted a DL–21 report regarding Licensee's conviction to DOT. The DL–21 report informed DOT that Licensee was convicted of DUI and was sentenced to prison. (Supplemental Reproduced Record (S.R.R.) at 27b.) The report also stated that Licensee was *not* sentenced under section 3804(a)(1) of the Code. (*Id.*) Based on the report, DOT suspended Licensee's operating privilege for a period of one year in accordance with section 3804(e) of the Code.[3]

---

is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.
75 Pa.C.S. § 3802(a).

2. Section 3804(a)(1) of the Code provides for, among other things, a minimum sentence of probation and a fine for a first violation of section 3802(a):

(a) **GENERAL IMPAIRMENT.**—Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:
(1) For a first offense, to:
(i) undergo a mandatory minimum term of six months' probation;
(ii) pay a fine of $300;
(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).
75 Pa.C.S. § 3804(a)(1).

3. DOT is required to suspend the operating privileges of a person convicted of DUI as follows:

(e) **SUSPENSION OF OPERATING PRIVILEGES UPON CONVICTION.**—
(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
(i) an offense under section 3802; or
(ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact).
(2) Suspension under paragraph (1) shall be in accordance with the following:
(i) *Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.*

Licensee appealed his suspension to the trial court. The matter was assigned to Honorable Gary S. Silow, who conducted a hearing on March 8, 2009. At the hearing, DOT introduced the DL–21 report into evidence, and Licensee provided the trial court with a copy of the sentencing transcript. The trial court issued an order on March 18, 2010, sustaining Licensee's appeal. However, DOT moved for reconsideration, which was granted, and on April 8, 2010, the trial court vacated its March 18, 2010, order and reinstated Licensee's suspension. The trial court observed that, despite Licensee's conviction under section 3802(a) of the Code, Licensee's sentence of imprisonment and a $1,000 fine exceeded the penalties under 3804(a)(1) of the Code. The trial court concluded that Licensee was not sentenced pursuant to section 3804(a), and, accordingly, Licensee was not entitled to the suspension exception afforded under section 3804(e)(2)(iii) of the Code.

On appeal to this Court,[4] Licensee contends that the trial court usurped the authority of the criminal sentencing judge and improperly allowed DOT to impose a driver's license suspension. Licensee argues that he pleaded guilty to section 3802(a) of the Code, for which a driver's license suspension is not imposed pursuant to section 3804(e)(2)(iii) of the Code.

In a license suspension appeal, DOT bears the initial burden to establish a *prima facie* case that a record of convictions supports a suspension. *Sivak v. Department of Transportation, Bureau of Driver Licensing,* 9 A.3d 247 (Pa.Cmwlth. 2010). In order to overcome this presumption, the licensee must show by clear and convincing evidence that the record was erroneous. *Id.*

The instant matter is similar to *Sivak.* In that case, Sivak pleaded guilty to a violation of section 3802(a) and was sentenced to a term of incarceration of 72 hours to six months and was ordered to pay a $1,000 fine. The DL–21 report submitted to DOT indicated that Sivak was sentenced to a prison term and that he was not sentenced under section 3804(a)(1) of the Code. After it received the DL–21 report, DOT informed Sivak that his operating privilege was to be suspended for one year. Following an inquiry by Sivak's counsel, the clerk of courts amended the DL–21 report to reflect that Sivak was sentenced under section 3804(a)(1) of the Code. Sivak appealed the suspension to the trial court, which sustained his appeal.

DOT appealed to this Court, arguing that Sivak was not entitled to the exception from suspension provided by section 3804(e)(2)(iii) of the Code because he was sentenced to prison, a penalty in excess of that imposed under section 3804(a)(1). DOT also asserted that the trial court's decision sustaining Sivak's appeal was contrary to *Glidden v. Department of Transportation, Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth.2008).

In *Glidden,* the licensee pled guilty to DUI in violation of section 3802(a)(1) of the Code and was sentenced to thirty days of incarceration. Subsequently, DOT notified

---

(ii) 18 months for a misdemeanor of the first degree under this chapter.

(iii) *There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.*

75 Pa.C.S. § 3804(e) (emphasis added).

4. This Court's scope of review is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Piasecki v. Department of Transportation, Bureau of Driver Licensing,* 6 A.3d 1067 (Pa.Cmwlth.2010).

the licensee that his operating privileges would be suspended for one year pursuant to section 3804(e)(2)(i) of the Code, 75 Pa.C.S. § 3804(e)(2)(i). The licensee appealed, and the trial court conducted a hearing. At the trial court hearing, DOT entered into evidence the DL–21 report of the licensee's conviction, which stated that the licensee was convicted of violating section 3802(a)(1), was sentenced to prison, and was not sentenced under section 3804(a)(1). The trial court denied his appeal. On appeal, we affirmed, reasoning as follows:

> Licensee contends that the penalties for first-time general impairment DUI offenders are minimum penalties. Accordingly, any penalty above the minimum, including his total confinement for 30 days, could be consistent with a sentence for first-time general impairment DUI offenders. We reject this argument.

> The scheme of the penalty provision is revealing. As for general impairment offenses, a first-time offender may be sentenced to undergo a mandatory minimum term of six months probation, a second-time offender must undergo imprisonment for not less than five days, and a third-time offender must undergo imprisonment for not less than 10 days. 75 Pa.C.S. § 3804(a).

> By comparison, for DUI offenses that involve injury or death or a high rate of blood alcohol, a first-time offender must undergo imprisonment of not less than 48 consecutive hours, a second-time offender must undergo imprisonment of not less than 30 days, a third-time offender must undergo imprisonment of not less than 90 days. 75 Pa.C.S. § 3804(b).

> For further comparison, for DUI offenses that involve refusal of testing or the highest rate of blood alcohol, a first-

time offender must undergo imprisonment of not less than 72 consecutive hours, a second-time offender must undergo imprisonment of not less than 90 days, and a third-time offender must undergo imprisonment of not less than one year. 75 Pa.C.S. § 3804(c).

> Here, Licensee admitted to receiving a sentence of 30 days in prison. Given the statutory scheme discussed above, *this minimum penalty was so far beyond the minimum penalty for even a third-time general impairment DUI offender as to support the trial court's inference that Licensee was not sentenced under the provisions for first-time offenders.* Further, Licensee's minimum penalty is more consistent with first- or second-time offenders for DUI offenses involving injury. Also, his minimum penalty is more consistent with first-time offenders for DUI offenses involving a refusal of testing. In short, *a comparison of the statutory scheme with the sentencing plan for Licensee supports the respected trial court's decision.*

*Glidden,* 962 A.2d at 13 (emphasis added).

We concluded in *Sivak* that *Glidden* was distinguishable:

> Here, Sivak was sentenced to a term of seventy-two hours to six months. This sentence was in excess of the six months probation contained in Section 3804(a) of the Code for a first time offender in the general impairment category and corresponds to the sentence for a first offender who refused to submit to blood alcohol testing or tests at the highest rate of blood alcohol. However, there is nothing in the record to indicate that Sivak was convicted as a first time offender who refused to submit to blood alcohol testing or that he tested at the highest rate of blood alcohol. Although Sivak was sentenced in excess of the minimum in Section 3804(a)(1), he was not sen-

tenced "so far beyond the minimum penalty for even a third-time general impairment DUI offender." *Glidden,* 962 A.2d at 13. *This Court finds no support in the Code or case law for DOT's assertion that jail time takes an offender out of Section 3804(a)(1).* It appears from the record, the Code, and the case law that the trial court did not err when it sustained the license suspension appeal. *Sivak,* 9 A.3d at 253 (emphasis added).

■ In the instant case, DOT introduced into evidence the DL–21 report, showing that Licensee was convicted of violating section 3802(a)(1) of the Code and was sentenced to prison. In addition, the "no" box is checked next to the question "was the defendant sentenced under Section 3804(a)(1) ... of the Vehicle Code." However, it is clear from the DL–21 report, the sentencing colloquy, and the trial court's opinion that Licensee was convicted of violating section 3802(a)(1) of the Code, and it is undisputed that this is his first offense. Although the clerk of courts stated in the DL–21 report that Licensee was not sentenced in accord with section 3804(a) of the Code, the clerk of courts, as a purely ministerial officer, has no discretion to interpret rules and statutes,[5] *In re Administrative Order No. 1–MD–2003,* 594 Pa. 346, 936 A.2d 1 (1997) (holding the clerk of courts did not have the authority to challenge an administrative order issued by a common pleas court based on his own interpretation of a statute), and the question of whether Licensee's sentence falls within section 3804(a) is one of law. *See Commonwealth v. Fleming,* 332 Pa.Super. 118, 480 A.2d 1214 (1984) (a sentence, as any other judgment, is construed in its entirety according to the canons of construction, and so as to give effect to the intent of the sentencing court); *see also Griffin v. Pennsylvania Department of Corrections,* 862 A.2d 152 (Pa.Cmwlth. 2004) (for purposes of the ministerial act of computing a prisoner's sentence, the sentence imposed involves a question of law and involves no discretion on the part of the Department of Corrections). As DOT argued in *Sivak,* "the DL–21 Form is not controlling. What must control, according to DOT, was the reality of what occurred." *Id.* 9 A.3d at 251.

In *Sivak,* we held that neither the Code nor case law supports the proposition that a sentence of incarceration automatically takes an offender outside the scope of the sentencing provisions of section 3804(a) of the Code. Furthermore, the sentence imposed on Licensee is less severe than the sentence imposed in *Sivak,* and it is not, like the sentence in *Glidden,* far beyond the minimum penalty even for more egregious offenses. Therefore, we conclude Licensee's sentence was within the scope of the penalty in section 3804(a) of the Code and that, as a first time offender, he is not subject to a suspension of his driver's license pursuant to section 3804(e)(2)(iii) of the Code.[6]

**5.** In *Sivak,* we addressed the testimony of a representative of the Montgomery County clerk of courts office as follows:

Mary Boynes (Boynes), supervisor of dispositions for the Montgomery County Clerk of Courts, testified that it was the responsibility of the Clerk of Courts Office to fill out the DL–21 form for DOT. A box on the Form is provided for a defendant sentenced pursuant to Section 3804(a)(1) of the Code, 75 Pa.C.S. § 3804(a)(1). In Sivak's case,

*Boynes testified that the "no" box was checked. Boynes testified that because Sivak was sentenced to prison, the 'no' box should have been checked on the amended DL–21 as well.*

*Id.* 9 A.3d at 250 (emphasis added) (citations to the record omitted). In the present case, the clerk of courts' interpretation of the Code is contrary to this Court's holding *Sivak.*

**6.** Although the sentence here is within the range presented in *Sivak,* the test that has

DOT argues that Licensee's suspension is a civil consequence of his criminal conviction and that DOT is not bound by Licensee's plea agreement. *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 111 Pa.Cmwlth. 105, 533 A.2d 501 (1987) (concluding that a district attorney does not have jurisdiction to bind DOT to withdraw a civil license suspension). However, the *Sivak* Court considered and rejected this argument:

> In *Lefever*, this Court addressed the effect of a plea bargain in a criminal proceeding on a civil license suspension. DOT suspended John Milford Lefever (Lefever) for refusal to submit to chemical analysis after he was arrested for DUI. Seven months after DOT notified Lefever that his license would be suspended for twelve months for his refusal, Lefever entered a guilty plea to two counts of driving under the influence pursuant to a plea agreement with the district attorney. The district attorney agreed to withdraw the notice of refusal sent to DOT, in exchange for Lefever's consent to use the results of a blood test taken at a hospital which registered a blood alcohol content of .195% as evidence in the criminal proceeding. The judge in the criminal proceeding was not informed that Lefever was already serving the twelve month refusal suspension, and that the appeal period for that suspension had expired, until after he recognized the agreement as a condition of the guilty plea. On June 12, 1985, DOT notified Lefever that he would begin serving a mandatory twelve month suspension for the conviction on November 12, 1985, consecutive to the refusal suspension. On February 26, 1986, Lefever

sought and was granted the right to appeal nunc pro tunc to challenge the civil administrative suspension on the grounds that DOT had not withdrawn the refusal suspension pursuant to the criminal court's order. DOT's motion to quash Lefever's appeal as untimely filed was denied. The Court of Common Pleas of Lancaster County directed DOT to reinstate Lefever's operating privilege. *Lefever*, 533 A.2d at 501–502. This Court determined that the Court of Common Pleas of Lancaster County erred when it granted Lefever's petition to appeal nunc pro tunc:

> In our view, the trial court exceeded its scope of review by considering the terms of Lefever's criminal plea agreement when reviewing the refusal suspension.... The mandatory civil penalties of the Vehicle Code are not subject to the terms of a plea agreement arising from related criminal charges. Regardless of the disposition of the criminal charge, the suspension resulting from a refusal to submit to a blood alcohol level test is an independent civil proceeding....

> Further, we conclude that neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension. The statutory suspensions following a refusal to submit to a blood alcohol test or a conviction for driving under the influence are not bargaining chips to be traded in exchange for criminal convictions; rather, they are mandatory civil penalties, imposed not for penal

evolved from *Sivak* and *Glidden*—weighing the severity of the sentence actually imposed against the sentence provided in the Code—is difficult to apply and may prove problematic in the future. The problem is that, under

present practice, the clerk of courts is required to resolve apparent conflicts between the sentenced imposed by the court and the provisions of section 3804 of the Code.

purposes, but 'to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads.' . . . (Citation and footnote omitted). *Lefever*, 533 A.2d at 503.

The facts here differ from *Lefever*, which involved a suspension for a refusal to submit to blood alcohol testing. Here, *the suspension was based on the offense to which Sivak admitted guilt.* The trial court had to determine the offense for which Sivak was sentenced due to the confusion surrounding the DL–21 Forms. While the plea agreement in the criminal court could not be used to bind DOT to a civil suspension or lack thereof in contravention of the Code, *the trial court was certainly authorized to consider the criminal court proceeding to determine the offense for which Sivak was convicted.*

*Id.* 9 A.3d at 254–55 (emphasis added).

The instant case does not involve an attempt to use a negotiated plea to avoid a civil license suspension for refusing to submit to chemical testing, which is a civil penalty that may be imposed regardless of whether a licensee is convicted. *Kachurak v. Department of Transportation, Bureau of Driver Licensing*, 913 A.2d 982 (Pa. Cmwlth.2006) (in a case involving a license suspension for refusing to submit to chemical testing, a driver's guilt or innocence of a criminal offense is not at issue). Rather, this is a case where the license suspension is directly coupled to a conviction for specific offense and the resulting sentence. Although his guilty plea resulted from negotiations with the district attorney, Licensee was ultimately convicted of violating section 3802(a) and we conclude that he received a sentence that does not exceed the scope of section 3804(a) of the Code. Thus, Licensee is entitled to the suspension exception in section 3804(e)(2)(iii) of the Code. *Sivak.*

Accordingly, the trial court's order is hereby REVERSED.

### ORDER

AND NOW, this 4th day of April, 2011, the April 8, 2010, order of the Court of Common Pleas of Montgomery County is hereby REVERSED.