IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Q. Jenkins,                                :
                      Petitioner        :
                                              :
               v.                       : No. 606 C.D. 2024
                                             : Submitted: July 7, 2025
Pennsylvania Parole Board,              :
                      Respondent      :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE STACY WALLACE, Judge
                   HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE WALLACE                       FILED:  September 9, 2025

John Q. Jenkins (Jenkins) petitions for review of the Pennsylvania Parole Board's (Board) April 30, 2024 order (Order), which denied Jenkins' request for administrative relief and affirmed its decision mailed October 19, 2023 (Decision) recommitting Jenkins as a convicted parole violator (CPV) following his conviction for driving under the influence (DUI). After review, we affirm.

## I.     Factual and Procedural Background

Relevant to this appeal, the Board granted Jenkins parole on December 4, 2020, and released him on February 17, 2021. Certified Record (C.R.) at 20-21. On April 13, 2022, the Lansdale Police arrested Jenkins for suspicion of DUI. *Id.* at 38. On April 29, 2022, the Board declared Jenkins delinquent effective April 21, 2022, for violating the conditions of his parole. *Id.* at 28-29.

On May 3, 2022, the police filed a criminal complaint charging Jenkins with one count of DUI, a first offense general impairment, under Section 3802(a)(1) of the Vehicle Code.[1]  *Id.* at 112.  On May 26, 2023, the Board recommitted Jenkins as a technical parole violator (TPV) for violating a condition of his parole (failing to report as instructed) and detained him pending disposition of his pending DUI charge.  *Id.* at 30-34.

On July 18, 2023, Jenkins pled guilty to the DUI charge and the trial court sentenced him to six months of probation.  *Id.* at 113-22.  On September 22, 2023, the Board held a revocation hearing.  *Id.* at 45-71.  Before the hearing examiner, Jenkins argued, through his attorney, the Board did not have authority to revoke his parole and recommit him as a CPV.  Specifically, Jenkins asserted his conviction for the first offense, general impairment DUI, an ungraded misdemeanor, was not punishable by incarceration, and the Board could recommit a parolee as a CPV under the Prisons and Parole Code (Parole Code)[2] only for a conviction of an offense punishable by imprisonment.  *Id.* at 50-51.  The Board rejected Jenkins' argument and issued its Decision recommitting Jenkins as a CPV and sentencing him to serve six months of imprisonment for the DUI conviction.  *Id.* at 123-26.

On November 6, 2023, Jenkins timely filed an administrative appeal of the Decision.  *Id.* at 133-34.  The Board denied Jenkins' request for administrative relief and affirmed its Decision via the Order.  On May 15, 2024, Jenkins filed his Petition for Review in this Court.  Pet. for Rev., 5/15/24.

---

[1] 75 Pa.C.S. §§ 101-9701.

[2] 61 Pa.C.S. §§ 101-7301.

## II. Discussion

We review the Board's decision denying administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, the Board committed an error of law, or the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

On appeal, Jenkins raises one issue for our review. Jenkins asks whether the Board lacked the statutory authority to recommit him as a CPV under the Parole Code because his DUI conviction was not punishable by imprisonment. Jenkins' Br. at 4. Jenkins asserts imprisonment is not enumerated as a penalty for a first-time violator of Section 3802(a) of the Vehicle Code, and, therefore, it is not a crime "punishable by imprisonment" under the Parole Code. *Id.* at 5. In response, the Board asserts it properly recommitted Jenkins as a CPV because, although a first offense general impairment DUI carries a mandatory minimum sentence of probation, that is not the only sentence available, and such a conviction could be punishable by imprisonment. Board's Br. at 6.

The Parole Code provides, in relevant part:

**(a) Convicted violators. - -**

(1) The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter in a court of record.

61 Pa.C.S. § 6138(a)(1).

Under the Vehicle Code, an individual who violates Section 3802(a) and has one or no prior DUI convictions, commits a misdemeanor "for which the individual

3

may be sentenced to a term of imprisonment of not more than six months and to pay a fine under [S]ection 3804 (relating to penalties)." 75 Pa.C.S. § 3803(a)(1). Under Section 3804 of the Vehicle Code, an individual who violates Section 3802(a) shall be sentenced as follows:

> (1) For a first offense, to:
>
>> (i) undergo a mandatory minimum term of six months' probation;
>>
>> (ii) pay a fine of $300;
>>
>> (iii) attend an alcohol highway safety school approved by the department; and
>>
>> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

75 Pa.C.S. § 3804(a)(1).

The penalties provision in Section 3804 of the Vehicle Code sets forth mandatory *minimum* sentences. A mandatory minimum sentence provides a floor below which a court may not sentence. Section 3804 does not provide a mandatory maximum sentence or dictate a range within which a court must sentence for a Section 3802(a) violation. Although Section 3804 of the Vehicle Code does not enumerate imprisonment as a mandatory minimum penalty, it does not prohibit such a penalty either. Further, Section 6138 of the Parole Code does not require an offender actually be sentenced to imprisonment, but rather that the offense be "punishable by imprisonment." 61 Pa.C.S. § 6138(a)(1). It is well established that "when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning." *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

This view is consistent with our prior case law, which demonstrates that a first-time general impairment under Section 3802(a) of the Vehicle Code may be punishable by imprisonment. For example, in *Sivak v. Department of Transportation, Bureau of Driver Licensing*, 9 A.3d 247 (Pa. Cmwlth. 2010), a trial court sentenced a licensee to imprisonment of not less than 72 hours to not more than 6 months for a first-time general impairment DUI under Section 3802(a)(1) of the Vehicle Code, thereby issuing a penalty above the minimum sentence found in Section 3804(a) of the Vehicle Code. Subsequently, the Department of Transportation (DOT) suspended the licensee's operating privilege for one year because of this conviction, despite Section 3804(e)(2)(iii) of the Vehicle Code's provision indicating there "shall be no [drivers' license] suspension for an ungraded misdemeanor under Section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." *Id*. at 250. The licensee appealed the driver's license suspension, and the trial court sustained the appeal noting that the licensee pled guilty to "a violation of Section 3802(a)(1) involving an ungraded misdemeanor committed by a first[-]time offender. . . . [The l]icensee was sentenced under Section 3804(a)(1) of the Vehicle Code, thereby specifically exempting him from the suspension provision of Section 3804(e)." *Id*. at 251. DOT appealed to this Court and argued that because the licensee received a sentence of imprisonment, rather than six months of probation, the trial court did not sentence him under Section 3804 of the Vehicle Code and, therefore, he was not entitled to the license suspension exemption contained in Section 3804. *Id*. at 251. This Court held that although the licensee's sentence of incarceration for his first-time DUI offense was in excess of the minimum sentence outlined in Section 3804(a), the sentence did not take the licensee out of Section 3804(a), and the

provisions of that section still applied. This Court acknowledged an offender could be sentenced to imprisonment for violating Section 3802(a), finding "no support in the [Vehicle] Code or case law for DOT's assertion that jail time takes an offender out of Section 3804(a)(1)." *Id*. at 253.

Likewise, in *Dyson v. Department of Transportation, Bureau of Driver Licensing*, 18 A.3d 414 (Pa. Cmwlth. 2011), this Court addressed a licensee's appeal of a driver's license suspension issued after he pled guilty to a first-time general impairment DUI offense under Section 3802(a)(1) and received a sentence of imprisonment of 48 hours' minimum to 6 months' maximum. *Id.* at 418. Like in *Sivak*, DOT argued the licensee's incarceration sentence took him outside the scope of Section 3804 of the Vehicle Code and, therefore, he was not entitled to its license suspension exemption. This Court held the licensee "was ultimately convicted of violating Section 3802(a) and . . . conclude[d] that he received a sentence that [did] not exceed the scope of [S]ection 3804(a)(1)(i) of the Vehicle Code." *Id.* at 421. Thus, we acknowledged Section 3804(a)(1)(i) of the Vehicle Code does not preclude a first-time DUI offender from receiving a sentence of incarceration.

Outside the DUI context, this Court has held the Board has the statutory authority to recommit a parolee as a CPV when the parolee is convicted of a summary offense even if he does not receive a sentence of imprisonment. In *Lewis v. Pennsylvania Board of Probation and Parole*, 459 A.2d 1339 (Pa. Cmwlth. 1983), this Court explained that although the parolee was not sentenced to imprisonment for his conviction of summary harassment, *see* 18 Pa.C.S. § 2709, a conviction for a

6

summary offense *could* result in a sentence to a term of imprisonment[3] and, therefore, his conviction for harassment was a crime "punishable by imprisonment."

Similarly, here, a first-time violation of Section 3802(a) of the Vehicle Code, while carrying a mandatory minimum of six months of probation, *may* be punishable by a term of imprisonment. Accordingly, a conviction for violating Section 3802(a) of the Vehicle Code qualifies as an offense "punishable by imprisonment" under Section 6138 of the Parole Code. Therefore, the Board had the statutory authority to recommit Jenkins as a CPV.

### III. Conclusion

For the reasons set forth above, the Board properly recommitted Jenkins as a CPV after he pled guilty to violating Section 3802(a) of the Vehicle Code while he was on parole and did not err in denying Jenkins' request for administrative relief. We affirm the Board's Order.

_____
STACY WALLACE, Judge

---

[3] *See* 18 Pa.C.S. § 106(c) ("An offense . . . constitutes a summary offense if: . . . a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Q. Jenkins, : 
                Petitioner : 
                 : 
      v. : No. 606 C.D. 2024
                 : 
Pennsylvania Parole Board, : 
                Respondent : 

# **O R D E R**

AND NOW, this 9th day of September 2025, the April 30, 2024 order of the Pennsylvania Parole Board is **AFFIRMED**.

_____
STACY WALLACE, Judge